**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Action No:

PAUL RICHARD NEWTON
c/o JOHN R. GALLOWAY, ESQ.
1516 P STREET, N.W.
WASHINGTON, D.C. 2005,

                    **Plaintiff,**

    **v.**

FAISON-KALORAMA, LLC,
121 WEST TRADE STREET, FL 27
CHARLOTTE, NC 28202,

                    **Defendant.**

**NOTICE OF REMOVAL**

CASE NUMBER 1:06CV02003

JUDGE: Richard W. Roberts

DECK TYPE: General Civil

DATE STAMP: 11/22/2006

Defendant Faison-Kalorama, LLC ("Defendant") gives notice of the removal of this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows.

    1.    The Summons and Complaint in this action were filed in the Superior Court on October 25, 2006 and served on Defendant on October 27, 2006.

    2.    The action is now pending in the Superior Court for the District of Columbia and has been designated Civil Action No. 0007888-06.

    3.    Defendant has procured an extension, and thus the time within which the law of the District of Columbia requires Defendant to answer or otherwise plead to the Complaint has not expired.

4.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 because complete diversity exists between the parties to the litigation and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     For purposes of determining whether diversity jurisdiction exists, Plaintiff alleges that he is a resident and citizen of the District of Columbia in paragraph 1 of his Complaint. In paragraph 2 Plaintiff alleges that Defendant is a North Carolina limited liability company, with authority to do business in the District of Columbia.

6.     Defendant Faison-Kalorama, LLC is in fact a North Carolina limited liability company. Its sole member is FCD-1997 G.P., Inc., a North Carolina corporation. FCD-1997 G.P., Inc. is solely a citizen of the state of North Carolina because it was incorporated in that state and has its principal place of business there. Therefore, Faison-Kalorama is a citizen of the State of North Carolina.

7.     Defendant has attached to this Notice and filed herewith, all process, pleadings and orders served upon it in this action as required by 28 U.S.C. § 1446(a).

8.     Defendant's counsel will serve upon counsel for Plaintiff written Notice of the Removal of this action and will file a copy of said Notice with the Clerk of Superior Court of the District of Columbia, as required by 28 U.S. C. § 1446(d).

This 22nd day of November, 2006.

Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRANT, PLANT, MOOTY, MOOTY
& BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone:  (202) 295-2200
Facsimile:  (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile:  (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
Faison-Kalorama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal and Corporate Disclosure Statement have been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope addressed as follows:

John R. Galloway
1516 P Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629
johngalloway@email.com

Attorney for Plaintiff

This 22nd day of November, 2006

Eric L. Yaffe

E - 2003
RWR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PAUL RICHARD NEWTON<br>c/o John R. Galloway, Esq.          11001 | Faison-Kalorama, LLC          98888 |
| District of Columbia | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY) |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS |
|---|---|
| John R. Galloway, Esq.<br>1516 P Street, N.W.<br>Washington, D.C. 20005 | Eric<br>Gra<br>260<br>Wa |

CASE NUMBER  1:06CV02003

JUDGE: Richard W. Roberts

DECK TYPE: General Civil

DATE STAMP: 11/22/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ◉ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ◉ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☒ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O  G. *Habeas Corpus/* *2255* | O  H. *Employment* *Discrimination* | O  I. *FOIA/PRIVACY* *ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA* *(non-employment)* | O  L. *Other Civil Rights* *(non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding    ⊙ 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332 (diversity) - slander of title and unlawful trade practices.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐<br>ACTION UNDER F.R.C.P. 23 | DEMAND $ subject to proof<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒  NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S)** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.
**IF ANY**

DATE  11/22/06    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAUL RICHARD NEWTON
c/o JOHN R. GALLOWAY, ESQ.
1516 P STREET, N.W.
WASHINGTON, D.C. 2005

0007888-06

Plaintiff,

v.

FAISON-KALORAMA, LLC.

Serve:   Registered Agent
         CT Corporation System
         1015 15th Street, NW
         Suite 1000
         Washington, D.C. 20005

Defendant

RECEIVED
Civil Clerk's Office

OCT 2 5 2006

Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No. _____

### JURY DEMAND

### VERIFIED COMPLAINT

NOW COMES the plaintiff, Paul Richard Newton, an individual, and brings this complaint

against Faison-Kalorama, LLC. and says as follows:

### PARTIES

1. The plaintiff is a resident and citizen of the District of Columbia.

2. The defendant is a North Carolina limited liability company, with authority to do business in

the District of Columbia.

### JURISDICTION

1

3. This Court has jurisdiction over the parties in that all events alleged in the complaint took place within the District of Columbia, the real estate at issue is within the District of Columbia and the defendant conducts business within the District of Columbia.

4. The Court has personal and subject matter jurisdiction pursuant to *SCR Civil 13.*.

## STATEMENT OF FACTS

5. On or about May 12, 2005 the plaintiff entered into an agreement to purchase unit 213, later designated as Unit M-2, at the Delancey Lofts Condominium, located at 1701 Kalorama Street, Washington, D.C.,recorded in the land records of the DC Recorder of Deed as Square 2566 Lot 29, in fee simple.

6. Before signing the purchase contract the plaintiff questioned language in a addendum to the purchase contract titled in pertinent part "AFFIRMATION OF OWNER OCCUPANCY, LEASING AND RESALE ADDENDUM" relating to the seller, Faison-Kalorama, LLC, demanding the right to receive 50% of any profit from the sale of the unit if it were sold within one year of the plaintiff's purchase and ,separately, a right to receive one hundred per cent (100%) of any rents received by the purchaser within the first twelve months of purchase. Exhibit 1, attached hereto.

7. The seller's agent, Kirsten Alberts, stated that the addendum was not being enforced because it was legally unenforceable and that in any case the addendum language could not appear on the deed to be conveyed.

8. Based on those assurances, the plaintiff signed the purchase contract, and the addendum for the purchase of unit 213.

9. Sometime after signing the contract, the plaintiff again sought assurances that the language

2

requiring any owner selling a unit within one year of its purchase date would be required to give the seller, Faison, fifty per cent (50%) of any profit above the purchase price and one hundred per cent of any rent income for the first year would not be a part of the deed conveying fee simple title to the Plaintiff.

10.. The Plaintiff was assured ,by Ms. Alberts, the agent for the seller, that the language would not be a part of the deed from the seller to the Plaintiff conveying fee simple title. Upon information and belief, the same representations were made to other purchasers. Please see Plaintiff's Exhibit 2, attached hereto. At all times relevant to this complaint Ms. Alberts was the real estate agent of the defendant.

11. On the date of closing no one appeared on behalf of the seller at the closing. At the designated closing time, the settlement agents were "tied up" with a "complicated" closing with someone else. However, the Plaintiff, seated in a separate room alone, signed the closing papers which were eventually provided by the settlement agent and the purchase price already had been wired directly to the settlement agent by the Plaintiffs mortgage lender to be paid to the sellers.

12. A copy of the deed was provided at the end of the closing after all documents required to be signed by the plaintiff had been signed..

13. To the utter surprise of the Plaintiff, the deed covenant which was not to appear in the deed was in fact made a part of the deed.

14. To the best of the knowledge of the Plaintiff, he never signed any covenant document granting any rights to the seller.

15. On or about May 2005, the Plaintiff received an expression of interest in purchasing his unit for $699,00; approximately one hundred fifty thousand dollars ($150,000.00) more than the

3

Purchaser's purchase price. However, the Plaintiff had been advised by a title company that the Plaintiff could not convey clear title, unless the deed covenant at issue was removed. See Plaintiff's Exhibit 3, attached hereto. The plaintiff was unable to enter into a contract to sell the property.

16. On  May 5, 2006  the Plaintiff, through counsel, asked the defendant to voluntarily remove the deed covenant.

17.  On or about May 16, 2006 the defendant , through its counsel, refused to remove the deed covenant but offered to remove the deed covenant when and the defendant  had sold  all units at the condominium project.

18.  The  deed covenant imposed by the defendant in the deed is intended to unjustly enrich the defendant and serves no public policy.

19.  The deed covenant provision in the purchase contract addendum and deed was not the result of a negotiation process, Plaintiff did not bargain for or negotiate for the deed covenant provision which was written totally by the seller , and  the Plaintiff received no consideration, for the imposed  deed covenant.

20.  At no time was the plaintiff told that the so-called deed covenant would  attach to the land. and, as a consequence, impair the plaintiff's fee simple ownership.

21.  The plaintiff is forced to bring this action after all efforts to resolve the matter have failed and the defendant has specifically refused to voluntarily remove its lien. As a direct result of the deed covenant  imposed by the seller, the Plaintiff has been frustrated  to consummate sell his property in the manner and at the price which is his right as a fee simple owner, to his pecuniary detriment, and ,separate, to exercise his rights of ownership.

4

## COUNT I

### (Slander of Title)
### Tort

22. Plaintiff hereby re-alleges Paragraphs 1 through 21 as if fully stated herein.

23. The deed covenant imposed by the defendant is an unreasonable restraint on alienation which is fundamentally incompatible with the fee simple absolute ownership of the plaintiff and was not bargained for by the parties and the Plaintiff receive no consideration from the defendant to bind any such promise.

24. The language of the Addendum to the purchase contract, at issue,  was drafted only by the Defendant and appears as a standardized part of every contract for the purchase of units at the Delancey Lofts Condominium and as such is an adhesion element of an adhesion contract.

25. The restraint represented by the Defendant's imposed deed covenant only purpose is to allow the seller to participate in any appreciation in the value of a property it has sold in fee simple. And serves no cognizable public purpose.

26. The imposed deed covenant cast a cloud on the title and impaired the vendibility of the plaintiff's property.

27. The defendant refused to release the imposed covenant.

28. As a proximate result of the defendant's refusal to release the imposed covenant, the Plaintiff lost a prospective profitable sale of the property in the amount of one hundred and fifty thousand dollars above the mortgage price constituting special damages in this matter.

29. The defendant refusing release of the improvident deed covenant was malicious, with evil motive, for no proper purpose , in reckless disregard of the Plaintiff's rights and akin to racketeering..

5

30. This court has the authority to reform the deed and to find that the imposed covenant is invalid and unenforceable.

**WHEREFORE**, Plaintiff respectfully requests that 1) the Court find that the imposed covenant is invalid and unenforceable, 2) the Court require release of the imposed covenant., 3) the Plaintiff be awarded compensatory and exemplary damages, his attorney fees and costs in the matter, and 4) such other relief as the Court may deem just and proper in the matter.

<u>COUNT II</u>

<u>(Violations of D.C. Code 28-2904(2003))
Unlawful Trade Practices</u>

31. Plaintiff hereby re-alleges paragraphs 1 through 30 as if fully stated herein.

32. Defendant, by and through its agent, Kirsten Alberts, stated that the addendum at issue in the suit would not be a part of the deed as previously averred in paragraphs 6,7,and 9 herein above.

33. The statements by Alberts were made with full knowledge of their falsity; in the alternative, Alberts knew or should have known whether such statement were in fact true in her role as a real estate agent for the Seller.

34. The statements made by Alberts was intended to induce the Plaintiff to sign the purchase contract and addendum and was a misrepresentation as to a material fact which had a tendency to mislead the Plaintiff in violation of *D.C. Code 28-3904(e)*.

35. As result of the above misrepresentation of a material fact the Plaintiff has suffered

unreasonable impairment of his rights, as a fee simple owner, to lease his unit and retain such rental income for no proper purpose.

36. As a result of the above misrepresentation as detailed in paragraphs 6,7 and 9 herein above

6

the Plaintiff has suffered a pecuniary loss because of unreasonable impairment of his right to freely sell his property at any time and at any price he elected without giving over to the Defendant fifty per cent (50%) of any profit.

**WHEREFORE,** Plaintiff respectfully requests that he 1) be awarded his compensatory damages subject to proof, 2) be awarded treble damages and punitive damages, 3) be awarded his attorney fees and costs, and 4) be awarded any other relief this Court may deem just and proper in this matter.

## JURY DEMAND

37. Plaintiff demands trial by jury on all counts.

## VERIFICATION

*District of Columbia: ss*

I, Paul Richard Newton, first being duly sworn on oath depose and state that the foregoing Verified Complaint has been read and subscribed by me and the things contained therein are true to the best of my knowledge, information and belief.

Paul Richard Newton

Subscribed and sworn to before me this 12th day of October, 2006.

NOTARY PUBLIC

My commission expires __May 14, 2007__

Respectfully submitted,

7

Johnny R. Galloway DC Bar No. 458056
1516 P Street, NW
Washington, D.C. 20005
Tel: (202)726.5426
Fax: (202)726.6629

johngalloway@email.com

*Attorney for Plaintiff*

8

THE DELANCEY LOFTS CONDOMINIUM
ADDENDUM #1 TO CONDOMINIUM UNIT PURCHASE AGREEMENT
AFFIRMATION OF OWNER OCCUPANCY, LEASING AND RESALE ADDENDUM

This Addendum to the Condominium Unit Purchase Agreement ("Addendum") is made and entered into this ___9th___ day of ___MAY___, 2005 by and between ___Paul Richard Newton___ ("Purchaser") and Fason-Kalorama, LLC, a North Carolina limited liability company ("Seller") on the Property in The Delancey Lofts Condominium identified as follows:

Condominium Unit No.    213

Property Address:    1701 Kalorama Road, N.W.
Washington, DC 20009

WHEREAS, Purchaser and Seller entered into a certain Purchase Agreement, dated ___5/12___, 2005, and written addenda (if any) for the Property ("Agreement").

NOW THEREFORE, it is mutually agreed that the following provisions be added:

1:    Purchaser hereby represents to Seller that it is purchasing the Unit as his primary, year round residence and covenants and agrees not to lease the Unit until after the Purchaser has occupied the Unit as his principal year round residence for 12 consecutive months. In the event that Purchaser violates this covenant and agreement, Purchaser shall pay to Seller all rent or other payments received in violation of this covenant and agreement. Seller shall have all remedies at law and in equity to enforce this covenant and agreement against Purchaser, including without limitation injunctive relief and specific performance.

2.    Purchaser hereby agrees that if Purchaser sells the Unit within the 12-month period following Settlement, Seller shall receive fifty percent (50%) of the Net Sales Proceeds, as defined below, from the sale of the Condominium Unit by the Purchaser. In order to induce Seller to sell the Condominium Unit to Purchaser, Purchaser agrees that the deed of conveyance from Seller conveying the Condominium Unit to Purchaser shall contain a covenant in favor of the Seller for fifty percent of the Net Sales Proceeds, as defined below, of the sale of the Condominium Unit by the Purchaser if such sale occurs within the 12-month period following the date of Purchaser's acquisition of title to the Condominium Unit. For purposes of this Leasing and Resale Addendum, "Net Sales Proceeds" shall mean the total sales price of the Condominium Unit appearing on the settlement statement of the Purchaser, as seller, less the Purchase Price paid by Purchaser under this Agreement and less closing costs paid by Purchaser to bona fide third parties unrelated to the Purchaser in connection with Purchaser's purchase of the Unit. Notwithstanding the foregoing, the provisions of this Addendum shall not apply if Purchaser is required to sell or lease the Unit prior to expiration of the 12-month period following Settlement as a result of Purchaser's involuntary loss of employment.

This Addendum is incorporated into the Agreement by this reference and the provisions of this Addendum shall survive Settlement. All other terms and conditions of the Agreement shall remain in full force and effect. This Addendum is not a novation of the Agreement.

PURCHASER

Date: 5-12-05

(Purchaser)



06 2003

FILED

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### AFFIDAVIT OF DIANE L. KEELEY

I, Diane L. Keeley, an adult older than twenty-one years of age, residing at 6320 Howe Place, Springfield, Virginia being duly sworn, deposes and says:

1. I entered into a contract purchase condominium unit #304 at the Delancey Lofts, located at 1701 Kalorama Rd., NW in Washington, D.C. on or about May 4, 2005.

2. I specifically recall that at the time I signed my contract to purchase, on or about May 4, 2005, I dealt with Kirsten Alberts as the real estate agent representing the seller, Faison-Kalorama, LLC.

3. I specifically recall that during the meeting on or about May 4, 2005, with Kristen Alberts, at which I was urged to sign my purchase contract, Ms. Alberts told me, before my signing the contract, that the provisions in the contract addendum, which would require me to give the seller, Faison-Kalorama, fifty percent of any resell profit and, or, one hundred per cent of rents for the unit I was contracting to purchase after my closing on the purchase of the unit was not being enforced by the Seller and was unenforceable in the District of Columbia.

3. Ultimately, I did not purchase the unit because of my special concerns about the limited means to vacate the unit in case of fire which was discovered during the "walk through inspections" conducted in anticipation of closing on the purchase.

4. I was released from the contract to purchase, with a full refund of my deposit, by the seller, Faison-Kalorama LLC.

5. I have received nothing in return for this statement nor have I been promised anything for making this statement.

6. I make this statement with knowledge of the laws against perjury.

Diane L. Keeley

~~District of Columbia~~: ss
State of VA
Subscribed and subscribed to before me this 14th day of October 2006.

NOTARY PUBLIC

My commission expires 10-31-2007

# NATIONAL TITLE CORPORATION

1516 P Street NW · Washington · District of Columbia · 20005
*phone* 202·466·6206   *fax* 202·466·8924   *email* nationalt@earthlink.net

July 19, 2006

TO WHOM IT MAY CONCERN:

I am writing this letter as President of National Title Corporation and an agent of First American Title Insurance Company.

We have reviewed the District of Columbia Purchase Money Deed (the "Deed") dated February 15, 2006 and recorded February 17, 2006 between Faison-Kalorama, LLC and Paul Richard Newton for Condominium Unit No. M-2 in The Delancey Lofts Condominium.

The covenant set forth in the Deed which requires the "Grantee" to pay the "Grantor" 50% of the Net Sales Proceeds in the event of a sale within 12 months is a covenant which must be included as a title exception in any new owner's or lender's title insurance policy.

In the event this exception to title (assumes the "Grantee" did not make the required payment to "Grantor") was included in any new title policy, in my opinion it would be almost impossible to sell the condominium unit within the initial 12 month period.

Sincerely,

NATIONAL TITLE CORPORATION

By:   Glenn D. Simpson
      President

*06 2003*

**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Exhibit 3*

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

*PAUL RICHARD NEWTON*
_____
                    *Plaintiff*

VS.

*FAISON - KAIORAMA, LLC*
_____
                    *Defendant*

0007888-06

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

*JOHNNY GALLOWAY*
_____
Name of Plaintiff's Attorney

*1516 P STREET, NW*
_____
Address
*WASHINGTON, D.C. 20005*

*(202) 726.5426*
_____
Telephone

By _____
              Deputy Clerk

Date | *10.25.06*

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(f)-456/Mar. 95

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAUL RICHARD NEWTON
Vs.
FAISON KALORAMA LLC

C.A. No.        2006 CA 007888 R(RP)

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:   October 25, 2006
Initial Conference: 9:30 am, Friday, January 26, 2007
Location:   Courtroom 519
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

Caio.doc

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
10/27/2006
Log Number 511600386

TO:    Nancy Farmer, Treasury Coordinator
       Faison & Associates, Inc.
       121 West Trade Street, 27th Floor
       Charlotte, NC, 28202-5399

REC'D OCT 3 0 2006

RE:    **Process Served in District of Columbia**

FOR:   Faison-Kalorama, LLC (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paul Richard Newton, Pltf. vs. Faison-Kalorama, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint, Verification and Exhibits |
| **COURT/AGENCY:** | (DC) Civil Division - District of Columbia Superior Court, DC
Case # 0007888-06 |
| **NATURE OF ACTION:** | Slander of Title |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/27/2006 postmarked on 10/25/2006 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days of Service - Initial Order // Within 20 Days of Service - Summons |
| **ATTORNEY(S) / SENDER(S):** | (DC) Johnny Reeves Galloway
1516 P Street, N.W.
Washington, DC, 20005
202-726-5426 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798030761184
Email Notification, Nancy Farmer NANCY.FARMER@FAISON.COM |
| **SIGNED:**
**PER:**
**ADDRESS:** | C T Corporation System
Mark Diffenbaugh
1015 15th Street, N.W.
Suite 1000
Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

Page 1 of  1 / MH

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| PAUL RICHARD NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 0007888-06 |
| | ) | Calendar No. 9 |
| FAISON-KALORAMA, LLC, | ) | Judge Jennifer M. Anderson |
| | ) | |
| Defendant. | ) | |

RECEIVED
Clerk's Office
NOV 1 4 2006
District of Columbia

**APPEARANCE**

To the Clerk of this Court and all parties of record:

Please enter the appearance of Eric L. Yaffe and Jimmy Chatsuthiphan as counsel in this

case on behalf of Defendant Faison-Kalorama, LLC.

Respectfully submitted,

Eric L. Yaffe (DC Bar No. 439750)
Jimmy Chatsuthiphan (DC Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Attorneys for Defendant
Faison-Kalorama, LLC

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, a copy of the foregoing

**NOTICE OF APPEARANCE** was sent by facsimile and first-class mail, postage prepaid, to the

following:

Johnny R. Galloway
1516 P. Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629

_____
Eric L. Yaffe

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office
NOV 1 4 2006
Superior Court of the
District of Columbia
Washington, D.C.

PAUL RICHARD NEWTON,                )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )    Civil Action No. 0007888-06
                                    )    Calendar No. 9
FAISON-KALORAMA, LLC,               )    Judge Jennifer M. Anderson
                                    )
        Defendant.                  )

**PRAECIPE FOR EXTENSION OF TIME**

Defendant Faison-Kalorama, LLC, by and through its undersigned counsel, pursuant to

SCR Civ 55(a)(2) hereby respectfully requests an extension of time until and including

November 29, 2006, in which to file its answer or otherwise plead in response to the Complaint

filed by Plaintiff Paul Richard Newton in the above-captioned case.  Plaintiff Paul Richard

Newton, by and through his undersigned counsel, has consented to the extension of time.

Respectfully submitted,

Eric L. Yaffe (DC Bar No. 439750)          Johnny R. Galloway (DC Bar No. 458056)
Jimmy Chatsuthiphan (DC Bar No. 492603)    1516 P Street, N.W.
GRAY, PLANT, MOOTY, MOOTY                  Washington, D.C. 20005
  & BENNETT, P.A                           Telephone: (202) 726-5426
2600 Virginia Avenue, Northwest, Suite 1111    Facsimile: (202) 726-6629
Washington, D.C. 20037
Telephone: (202) 295-2200                  Attorney for Plaintiff
Facsimile: (202) 295-2250

Of Counsel:
D. Blaine Sander
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, a copy of the foregoing

**PRAECIPE FOR ENTENSION OF TIME** was sent by facsimile and first-class mail, postage

prepaid, to the following:

Johnny R. Galloway
1516 P. Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629

_____
Eric L. Yaffe

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAUL RICHARD NEWTON,        )

                                 )

      Plaintiff,              )

                                 )

vs.                            )    Civil Action No.  0007888-06

                                 )    Calendar No. 9

FAISON-KALORAMA, LLC,     )    Judge Jennifer M. Anderson

                                 )

      Defendant.           )

RECEIVED
Civil Clerk's Office

NOV 1 4 2006

Superior Court of the
District of Columbia
Washington, D.C.

## CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO D.C. SCR-CIVIL RULE 7.1

Pursuant to D.C. SCR-Civil Rule 7.1, Defendant Faison-Kalorama, LLC ("Faison")

makes the following statement identifying all its parent corporations, and listing any publicly

held company that owns 10% or more of Faison's stock:

Corporate affiliations.

Defendant Faison-Kalorama, LLC, is a North Carolina limited liability company with

FCD-1997 G.P., Inc., a North Carolina Corporation, as its sole member.  Faison Capital

Development, LLC, a North Carolina limited liability company owned 100% of FCD-1997 G.P.,

Inc.'s stock at all times relevant to this litigation.  Faison Enterprises, Inc., a North Carolina non-

profit corporation owned 100% of Faison Capital Development, LLC at all times relevant to this

litigation.  Faison has no parent corporation and is unaware of any publicly held company that

owns 10% or more of Faison's stock.  Faison is also unaware of the identity of any other

corporation, unincorporated association, partnership or other business entity, not a party to the

case, which may have a financial interest in the outcome of this litigation.

Respectfully submitted,

Eric L. Yaffe (DC Bar No. 439750)
Jimmy Chatsuthiphan (DC Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Attorneys for Defendant
Faison-Kalorama, LLC

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, a copy of the foregoing

## CORPORATE DISCLOSURE STATEMENT PURSUANT TO D.C. SCR-CIVIL RULE

**7.1** was sent by facsimile and first-class mail, postage prepaid, to the following:

Johnny R. Galloway
1516 P. Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629

Eric L. Yaffe

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

NOV 1 6 2006

Superior Court of the
District of Columbia
Washington, D.C.

PAUL RICHARD NEWTON,           )
                               )
         Plaintiff,            )
                               )
vs.                            )       Civil Action No. 0007888-06
                               )       Calendar No. 9
FAISON-KALORAMA, LLC,          )       Judge Jennifer M. Anderson
                               )
         Defendant.            )

## CONSENT MOTION FOR EXTENSION OF TIME

Defendant Faison-Kalorama, LLC hereby respectfully requests an extension of time until

and including November 29, 2006, in which to file its answer or otherwise plead in response to

the Complaint filed by Plaintiff Paul Richard Newton in the above-captioned case. As grounds

for this Motion, counsel for Defendant states that counsel was only recently retained to represent

Defendant Faison-Kalorama and they need additional time to prepare a proper response to the

Complaint. Counsel for Plaintiff Paul Richard Newton, John Galloway, has consented to the

extension of time. A Proposed Order is attached.

Respectfully submitted,

Eric L. Yaffe (DC Bar No. 439750)
Jimmy Chatsuthiphan (DC Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Dated: November 16, 2006                    Attorneys for Defendant
                                            Defendant Faison-Kalorama

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2006, a copy of the foregoing

**CONSENT MOTION FOR EXTENSION OF TIME** was sent by facsimile and first-class

mail, postage prepaid, to the following:

Johnny R. Galloway
1516 P. Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629

_____
Eric L. Yaffe

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| PAUL RICHARD NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.  0007888-06 |
| | ) | Calendar No. 9 |
| FAISON-KALORAMA, LLC, | ) | Judge Jennifer M. Anderson |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

**UPON CONSIDERATION** of Defendant Faison-Kalorama, LLC's Consent Motion for an

Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, it is this, _____ day of

_____, 2006, hereby

**ORDERED**, that Defendant's Motion is hereby GRANTED, and it is further

**ORDERED**, that the time for Defendant to file an answer or otherwise plead in response

to the Complaint filed by Plaintiff in the above-captioned case is hereby extended until

November 29, 2006.


_____
Judge Jennifer M. Anderson


cc:     All Counsel of Record

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

PAUL RICHARD NEWTON,                 )
                                     )
      Plaintiff,                    )
                                     )
vs.                                  )     Civil Action No.  0007888-06
                                     )     Calendar No. 9
FAISON-KALORAMA, LLC,                )     Judge Jennifer M. Anderson
                                     )
      Defendant.                    )

### ORDER GRANTING DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

**UPON CONSIDERATION** of Defendant Faison-Kalorama, LLC's Consent Motion for an

Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, it is this, _17_ day of

_November_ 2006, hereby

**ORDERED**, that Defendant's Motion is hereby GRANTED, and it is further

**ORDERED**, that the time for Defendant to file an answer or otherwise plead in response

to the Complaint filed by Plaintiff in the above-captioned case is hereby extended until

November 29, 2006.

_____
Judge Jennifer M. Anderson

cc:    All ~~Counsel of Record~~
      Johnny Gallomay
      1516 P Street, N.W.
      Washington, DC 20005

      D. Blaine Sanders
      Robinson, Bradshaw + Hinson
      101 North Tryon St.
      Suite 1900
      Charlotte, North Carolina 28246

Gray Plant Mooty
2600 Virginia Ave, N.W.
Washington, DC 20037

**DOCKETED** In Chambers  NOV 17 2006

**MAILED** From Chambers  NOV 20 2006

