IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL RICHARD NEWTON

    Plaintiff

                                             No. 1:06CV02003 RWR

    v.

FAISON-KALORAMA, LLC

    Defendant
_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER REMANDING CASE TO THE DISTRICT OF COLUMBIA SUPERIOR COURT**

Plaintiff Richard Paul Newton respectfully submits this memorandum in support of his Motion For Order Remanding Case to th e of District of Columbia Superior Court.

**I.**

**BACKGROUND**

This case is about the enforceability, under District of Columbia law ,of a deed covenant required by the defendant as a condition of sale of real property to the plaintiff which restrains the plaintiff's rights of alienation as fee simple owner, and, separately whether agents of the defendant violated provisions of District of Columbia law by fraud in violation of consumer protection and unlawful trade practices laws of the District of Columbia. The case involves the sale and purchase of a condominium unit located at 1701 Kalorama Road, NW, in the District of

Columbia and known as "The Delancey Lofts".

The plaintiff filed this lawsuit in the District of Columbia Superior Court on October 25, 2006. The plaintiffs complaint(the "Complaint") does not allege any claims arising under federal law. Rather, the Complaint alleges claims arising under District of Columbia law(claims as to enforceability of a deed covenant, and violation of District of Columbia consumer protection laws).

Defendant filed its Notice of Removal(the "Notice") on November 22,2006. In the Notice, defendant contends that complete diversity exists between it and the plaintiff, further, that the amount in controversy exceeds $75,000.00 and thus that this Court has jurisdiction pursuant to *28 U.S.C. sec. 1332*. Defendant contends that its is a limited liability company with one member who is itself a North Carolina Corporation which is "solely a citizen of the state of North Carolina" See Notice at paragraph 6. Defendant also claims that the defendant is not a citizen of the District of Columbia and that it had the right to remove this action pursuant to *28 U.S.C. sec. 1441*.

The allegations of the defendant's citizenship as contained in the Notice is supported only by the bald assertion of the defendant's attorney. Specifically, there is no competent proof which would establish to a certainty the citizenship of the purported sole member, FCD-1997 G.P., Inc.

## II.

## ARGUMENT

Upon filing of a motion to remand , the burden is on the removing party to show that the requirements for removal have been met. *See In re Tobacco/Government Health Care Costs Litig, 100 F. Supp.2d 31, 35 (D.D.C. 2000).* A notice of removal must clearly demonstrate the

right of removal.. Any ambiguities are resolved against removal when doubt exists as to jurisdiction. Thus, if the allegations of the Notice leave doubt as to the propriety of removal, then remand is appropriate. *Shadley v. Miler*, 733 F.Supp. 54, 55 (E.D. Mich. 1990); *Fuller v. Exxon Corp.*, 131 F.Supp.2d 1323, 1327(S.D. Ala. 2001); *Rivers v. International Matex Tank Terminal*, 864 F.Supp. 556, 558(E.D. La. 1994); *Stemmons v. Toyota Tsuho America, Inc.* 8-2 F.Supp. 195, 197(N.D. Ill. 1992).

Additionally, while a notice of removal may be amended to add necessary allegations, any such amendment must occur before the expiration of the 30-day period permitted for the filing of a notice of removal. *See* 28 U.S.C. sec. 1446(b); 14C C. Wright, A.Miller & E. Cooper, Federal Practice & Procedure sec. 3733 at 358-61(3d ed. 1998)(after expiration of the 30-day period,"completely new grounds for removal jurisdiction and missing allegations may not be furnished"); *See also Fuller*, 131 F. Supp2d at 1327; *Wyant v. National R.R. Passenger Corp.*, 881 F. Supp. 919, 924(S.D.N.Y. 1995); *Castle v. Laurel Creek Co. Inc.*, 848 F.Supp. 62,66(S.D.W.Va. 1994).

### A. Defendant Notice Failes To Make the Necessary Showing as To Its Principal Place of Business

Limited liability companies are treated as partnerships for the purpose of determining diversity. The limited liability company is a citizen of each state in which any of its partners is a citizen. Here the sole member is claimed to be a corporation. Corporations have dual citizenship of their place of incorporation and their "principal place of business." *28 U.S.C. sec. 1332(c)(1). See also Helmsley-Spear, Inc. Ramfis Realty, Inc, No. 03 Civ. 8482, 2003 WL 22801162, at *2(S.D.N.Y. Nov. 25, 2003).*

3

The plaintiff challenges defendants allegations that Faison-Kalorama LLC has its "principal place of business in North Carolina." and the bare, undocumented, statement that FCD-1997 G.P. Inc. 1) is a North Carolina citizen, solely, and 2) that the LLC and FCD-1997 G.P. Inc. have their principal place of business in North Carolina is clearly not sufficient to meet the requirements of the removal provisions of the United States Code..

**B. Both The Principal Place of Business For Both The Defendant and Its Sole Member Is Likely The District of Columbia**.

Upon information and belief, Faison-Kalorama LLC was established and continues to exist solely, or primarily, for the purposes of developing and profiting by the sale of condominium units at 1701 Kalorama Road, N.W. in the District of Columbia. Upon information and belief, the defendant is a single asset entity. Upon information and belief, in the year and a half the defendant has sold condominium units with a sales value of not less than $10,000.000.00 at 1701 Kalorama Road, NW in the District of Columbia. Upon information and belief, substantially, all of the income of the defendant is derived from its activities within the District of Columbia. If this is so, the primary place of business of the defendant is the District of Columbia. The defendant claims, without documentation, that FCD-1997 G.P. Inc. , a corporation, is only a citizen of North Carolina. The burden of proving a corporation's principal place of business, rests on the party asserting the existence of diversity jurisdiction. *See Media Duplication Servs. v. HDQ Software, 928 F.2d 1228,1236(1st Cir. 1991)*. It is not the state in which a corporation has its principal executive offices for purposes of taxation that determines its principal place of business. *See Dimmit & Owens Financial, Inc. v. United States, 787 F.2d 1186, 1191(7th Cir. 1986)*; nor does the state in which a corporation has its "home office" determine its principal place of

business.. *See Delome v. Union Barge Co., 444 F.2d 225, 233(5th Cir. 1971). Cert. Denied. 404 U.S. 995(1971)*. The plaintiff believes that FCD-1997, G.P. Inc.'s, activities are substantially in the District of Columbia and that the District of Columbia is the place where its production and services occur. *See Harris v. Black Lawson Co., 961 F.2d 547, 549 n.4(5th Cir. 1992(; JA Olson Co. v. City of Winona, 818 F.2d 401, 404(5th Cir. 1987)*.

**C. The True Amount In Controversy Does Not Exceed $75,000.**

The defendant's allegation that the amount in controversy exceeds $75,000 is not made in good faith. It should be noted that the *ad damnum* clauses in the Complaint do not seek any specific amount but rather state that damages are subject to proof. Moreover, the plaintiff avers that the Complaint does not involve a controversy involving more than $75,000. Counsel first made a **pre-removal** offer of settlement to the defendant when counsel for the defendant, Eric Yaffe, contacted plaintiff's counsel by telephone to seek consent to an extension of time within which to file the defendant's answer. That settlement called for (1) the release of the deed covenant at issue, (2) payment of the plaintiff's legal fees which were stated as less than $5,000.00 and (3) a payment of ten thousand dollars to the plaintiff for his inconvenience in these matters. Subsequent to removal to this Court Blaine Sanders, counsel for Faison, and an attorney of record in this matter , phoned the plaintiff's counsel at which time the plaintiff's offer of settlement was reiterated. The settlement offer made to the defendant's counsel, Eric L. Yaffe"was made without any knowledge of the defendant's intent to file a notice of removal and, therefore, it can not be said to have been made to avoid the $75,000 jurisdictional limit. The plaintiff's good faith offer of settlement is credible evidence that the plaintiff does not consider the damage amounts in this matter to exceed $75,000. Such a settlement offer may be taken into

consideration by this Court in evaluating the amount in controversy and whether the case should be remanded. *See Burns v. Windsor Ins. Co., 31 F.3d, 1092, at 1097(11th Cir. 1994).*

## III

## <u>CONCLUSION</u>

The removing party must <u>show</u> that the requirements for removal have been conclusively met at the time of removal and as part of the Notice. This can not be achieved by mere averments by counsel contained in the Notice when obvious proof should have been available such as affidavits, corporate records, and evidence of business activities. The moving party, after all, has thirty days to prepare and document its removal notice. Because of the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, all doubts regarding the existence of removal jurisdiction must be resolved in favor of remand. The moving party should not be rewarded for taking a cavalier approach to the reasonable requirements attendant to removal jurisdiction.

Because the defendant is an LLC, it is treated as a partnership. It is then a citizen of any state of which its members are citizens. The managing member here, as a corporation, has dual citizenship based on place of incorporation <u>and</u> principal place of business. Given the nature and business activities of the LLC and its sole member, FCD-1997 G.P., Inc., the principal place of business of the defendant is most likely the District of Columbia. Again, failing to meet the standards for removal as part of the notice, the defendant has produced no evidence to substantiate that North Carolina is in fact the LLC's or the purported sole member's. It must also be noted that even though the Complaint in naming the parties refers the defendant as a North Carolina entity with a certificate of authority to do business in the District of Columbia, such a statement can not be the

basis for establishing the principal place of business of the defendant.

The true amount in controversy does not exceed $75,000 as required for removal because the plaintiff has clearly indicated a willingness to settle for an amount far less than $75,000 as indicated by its pre-removal settlement offer.

For all the foregoing reasons, the plaintiff prays that the Court grant the plaintiff's motion, and enter an order remanding this case to the District of Columbia Superior Court.


Dated: December 21, 2006.

                                          Respectfully submitted,


                                        /s/ Johnny R. Galloway DC Bar. 458056
                                        1516 P Street, NW
                                        Washington, D.C.  20005
                                        (202)726.5426

                                      *Attorney for Plaintiff Paul Richard Newton*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of December, 2006, true and correct copies of the Motion for Order Remanding Case to the District of Columbia Superior Court, the memorandum of points and authorities in support thereof, and a proposed order, were served electronically, and separately via first class mail postage prepaid, upon the following:

Eric L. Yaffe, Esq.
Grant, Plant, Mooty etc.
Suite 1111
2600 Virginia Avenue, NW
Washington, D.C.  20037

Blaine Sanders
Robinson Bradshaw & Hinson
Suite 1900
101 North Tryon Street
Charlotte, North Carolina 28246

/s/ Johnny R. Galloway