## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**PAUL RICHARD NEWTON**

      **Plaintiff**

                              No. 1:06CV02003 RWR

  v.

**FAISON-KALORAMA, LLC**

      **Defendant**

_____

### MOTION TO ALLOW LIMITED DISCOVERY

    Plaintiff Paul Richard Newton hereby respectfully moves the Court to allow limited discovery in this matter for purposes of determining the Courts jurisdiction in this matter. The grounds for this motion is to determine the citizenship of the defendant, a limited partnership, and its principal place of business as set forth in the Memorandum of Points and Authorities filed herewith. A proposed order is filed herewith.

    Pursuant to local rules, the counsel for the plaintiff has consulted with opposing counsel. The defendant opposes the motion.

Dated: December 31, 2006.

                                                 Respectfully submitted,

                                                 /s/ Johnny R. Galloway
                                                 Johnny R. Galloway DC Bar No. 458056
                                                 1516 P Street, NW
                                                 Washington, D.C. 20005
                                                 Tel: (202)726.5426
                                                 Email: johngalloway@email.com.

## CERTIFICATE OF SERVICE

I certify that on this 31th day of December 2006  a copy of the foregoing motion was mailed by first class mail, postage prepaid, to Eric Yaffe, Esq., at 2600 Virginia Avenue, NW, Suite 1111, Washington, D.C.  20037.

/s/ Johnny Galloway
Johnny R. Galloway, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL RICHARD NEWTON

      Plaintiff

                                                 No. 1:06CV02003 RWR

v.

FAISON-KALORAMA, LLC

      Defendant
_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO ALLOW LIMITED DISCOVERY**

    Plaintiff respectfully submits this memorandum in support of his Motion to Allow Limited Discovery filed in this matter. The party seeking removal, here the defendant, must scrupulously comply with the statutory requirements of removal jurisdiction, the first and foremost of which is proving the existence of federal jurisdiction.

    The defendant in this matter has stated in its removal notice that it is a North Carolina limited liability company with a corporation as its sole member. No evidence was provided in support of that averment other than the averment of the defendant's counsel. It should be noted that the plaintiff has filed a motion to remand asserting, in part, the insufficient showing by the defendant.

    A limited liability company is a citizen of any state of which its members are citizens. A corporation is deemed to be a citizen of both (1) the state by which it was incorporated and (2) the state in which it has its principal place of business. *28 U.S.C. sec. 1332(c)(1).* The purpose of

allowing for two possible states of citizenship for corporations is to exclude from federal jurisdiction those cases in which a corporation is essentially operating in the same state as the other party, although it is incorporated elsewhere.  The reasoning underlying this exclusion is that such corporations are sufficiently "local" as to not require protection from any potential "home-state" favoritism in state courts.  *Dimmitt & Owens Fin., Inc. v. United States, 787 F.2d 1186, 1190(7th Cir. 1986).*

Federal courts have advanced a number different test for determining a corporation's principal place of business.  These include the so-called "nerve center " test *(Scot Typewriter Co. v. Underwood Corp. 170 F.Supp. 862, 865 (S.D. N.Y. 1959),* the "place of activity test" *(Kelly v. United States Steel Corp., 284 F.2d 850, 854(3rd Cir. 1960),* and the "total activity" test *( J.A. Olson Co. V. City of Winona, 818 F.2d 401,404 (5th Cir. 1987).*

The plaintiff, by its motion to remand filed in this matter, challenges the claim by the defendant that it is not a citizen of the District of Columbia under the standards applied to determine the true citizenship of a limited liability company and a corporation.

Jurisdictional discovery in the federal courts is not new particularly when a legitimate dispute exists over jurisdictional facts.  The plaintiff seeks limited discovery for the purpose of establishing those facts.  Discovery would allow the determination of pertinent facts bearing on the question of jurisdiction and establishing a more satisfactory showing of the facts necessary to determine whether removal from the Superior Court was proper in the given circumstances.  *Butcher's Union Local No, 498, United Food and Comm'l Workers v. SDC Investment, Inc., 788 F.2d 535, 540(9th Cir. 1986); McCraw v. Lyons, 863 F.Supp. 430, 435 (W.D. Ky. 1994).*

While the burden is with the defendant to prove its entitlement to have this case placed in

2

federal court, it is important that the plaintiff have an opportunity to refute the untested representations of the defendant as to its true citizenship by the conduct of limited discovery on that very issue.

Diversity jurisdiction is disfavored toward the goal of relieving the federal courts of the overwhelming burden of *"business that intrinsically belongs to the state courts"* in order to keep the federal courts for distinctive federal business. See *City of Indianapolis v. Chase National Bank, 314 U.S. 63, 76 (1941); Pachceco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).*

For the foregoing reasons, the plaintiff prays that the Court grant its motion for limited discovery on the narrow issue of the principal place of business and the citizenship of the members of the defendant, a limited liability company.

Dated: December 31, 2006

Respectfully submitted,

/s/Johnny R. Galloway
D.C. Bar No. 458056
1516 P Street, NW
Washington, D.C.  20005
(202)726.5426
Email: johngalloway@email.com

*Attorney for Plaintiff Paul Richard Newton*

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of December 2006, true and correct copies of the Motion to Allow Limited Discovery, the memorandum of points and authorities in support thereof, and a proposed order, were serve electronically and by first class mail postage prepaid, upon the following:

Eric L. Yaffee, Esq.
Grant, Plant, Mooty etc.
Suite 11112600 Virginia Avenue, NW
Washington, D.C.  20037

                                  /s/Johnny R. Galloway

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL RICHARD NEWTON

      Plaintiff

                                    No. 1:06CV02003 RWR

  v.

FAISON-KALORAMA, LLC

      Defendant

_____

**ORDER**

   Upon consideration of the plaintiff's Motion to Allow Limited Discovery to determine the principal place of business of the defendant and its sole member, the memoranda in support and in opposition thereto, and for good cause shown, it is hereby ORDERED that plaintiff's motion be and hereby is GRANTED, and that the plaintiff shall be allowed to conduct discovery limited to the principal place of business, of the defendant and its sole member.

Dated:

                                                            _____
                                                            Hon. Richard W. Roberts
                                                            United States District Judge

(Service list next page)

copies to:

Johnny R. Galloway, Esq.
1516 P Street, N.W.
Washington, D.C.  20005

Eric L. Yaffe, Esq.
Gray, Plant, Mooty
Suite 1111
2600 Virginia Avenue, NW
Washington, D.C.  20037