IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL RICHARD NEWTON

      Plaintiff

                                                        No. 1:06CV02003 RWR

v.

FAISON-KALORAMA, LLC

      Defendant
_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO ALLOW LIMITED DISCOVERY**

    Plaintiff respectfully submits this memorandum in support of his Motion to Allow Limited Discovery filed in this matter. The party seeking removal, here the defendant, must scrupulously comply with the statutory requirements of removal jurisdiction, the first and foremost of which is proving the existence of federal jurisdiction.

    The defendant in this matter has stated in its removal notice that it is a North Carolina limited liability company with a corporation as its sole member. No evidence was provided in support of that averment other than the averment of the defendant's counsel. It should be noted that the plaintiff has filed a motion to remand asserting, in part, the insufficient showing by the defendant.

    A limited liability company is a citizen of any state of which its members are citizens. A corporation is deemed to be a citizen of both (1) the state by which it was incorporated and (2) the state in which it has its principal place of business. *28 U.S.C. sec. 1332(c)(1).* The purpose of

1

allowing for two possible states of citizenship for corporations is to exclude from federal jurisdiction those cases in which a corporation is essentially operating in the same state as the other party, although it is incorporated elsewhere. The reasoning underlying this exclusion is that such corporations are sufficiently "local" as to not require protection from any potential "home-state" favoritism in state courts. *Dimmitt & Owens Fin., Inc. v. United States, 787 F.2d 1186, 1190(7th Cir. 1986).*

Federal courts have advanced a number different test for determining a corporation's principal place of business. These include the so-called "nerve center " test *(Scot Typewriter Co. v. Underwood Corp. 170 F.Supp. 862, 865 (S.D. N.Y. 1959),* the "place of activity test" *(Kelly v. United States Steel Corp., 284 F.2d 850, 854(3rd Cir. 1960),* and the "total activity" test *( J.A. Olson Co. V. City of Winona, 818 F.2d 401,404 (5th Cir. 1987).*

The plaintiff, by its motion to remand filed in this matter, challenges the claim by the defendant that it is not a citizen of the District of Columbia under the standards applied to determine the true citizenship of a limited liability company and a corporation.

Jurisdictional discovery in the federal courts is not new particularly when a legitimate dispute exists over jurisdictional facts. The plaintiff seeks limited discovery for the purpose of establishing those facts. Discovery would allow the determination of pertinent facts bearing on the question of jurisdiction and establishing a more satisfactory showing of the facts necessary to determine whether removal from the Superior Court was proper in the given circumstances. *Butcher's Union Local No, 498, United Food and Comm'l Workers v. SDC Investment, Inc., 788 F.2d 535, 540(9th Cir. 1986); McCraw v. Lyons, 863 F.Supp. 430, 435 (W.D. Ky. 1994).*

While the burden is with the defendant to prove its entitlement to have this case placed in

federal court, it is important that the plaintiff have an opportunity to refute the untested representations of the defendant as to its true citizenship by the conduct of limited discovery on that very issue.

Diversity jurisdiction is disfavored toward the goal of relieving the federal courts of the overwhelming burden of *"business that intrinsically belongs to the state courts"* in order to keep the federal courts for distinctive federal business. See *City of Indianapolis v. Chase National Bank, 314 U.S. 63, 76 (1941); Pachceco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).*

For the foregoing reasons, the plaintiff prays that the Court grant its motion for limited discovery on the narrow issue of the principal place of business and the citizenship of the members of the defendant, a limited liability company.

Dated: December 31, 2006

Respectfully submitted,

/s/Johnny R. Galloway
D.C. Bar No. 458056
1516 P Street, NW
Washington, D.C. 20005
(202)726.5426
Email: johngalloway@email.com

*Attorney for Plaintiff Paul Richard Newton*

### CERTIFICATE OF SERVICE

I certify that on this 31st day of December 2006, true and correct copies of the Motion to Allow Limited Discovery, the memorandum of points and authorities in support thereof, and a proposed order, were serve electronically and by first class mail postage prepaid, upon the following:

Eric L. Yaffee, Esq.
Grant, Plant, Mooty etc.
Suite 11112600 Virginia Avenue, NW
Washington, D.C.  20037

                                          /s/Johnny R. Galloway