IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL RICHARD NEWTON

    **Plaintiff**

                                                                                                 No. 1:06CV02003 TFH

    v.

**FAISON-KALORAMA, LLC**

    **Defendant**

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO REMAND**

**NOW COMES** the plaintiff, by and through counsel, and replies to the defendant's opposition to remand in this matter and does say:

**SUMMARY**

    The defendant does not refute the fact that there are no federal questions involved directly or indirectly in this matter. Moreover, while the jurisdictional amount in controversy is in most instances based on the amount stated in the original complaint, this court is allowed to take into consideration the "true" amount in controversy as set out in any pre-removal offer of settlement. Again, the defendant does not deny that there was a pre-removal offer of settlement by the plaintiff of far less than $75,000 precisely as stated by the plaintiff in its motion for remand. Plaintiff's original suit makes damages subject to proof and does not seek any specific dollar amount.  Additionally, the plaintiff confirms that  is willing to stipulate that he will not seek an amount greater than $75,000  inclusive of costs, attorneys and damages in this matter as a

1

condition of remand to the District of Columbia Superior Court.

A careful review of the affidavit supplied by Nancy L. Farmer, on behalf of the defendant, reveals that the affidavit can not be relied upon as the basis of removal jurisdiction. The defendant has failed for the second time to meet the requirements for removal jurisdiction by supplying an affidavit of no value because its does not relate to the defendant in this matter, Faison -Kalorama LLC, or its putative sole member, FCD-1997 G.P., Inc. Moreover, the defendant has failed to submit any evidence that FCD-1997 G.P., Inc. is, in fact, a member or sole member of Faison-Kalorama LLC.

The plaintiff argues that under the record in this case, good cause exists to remand this case to the District of Columbia Superior Court.

## THE NANCY L. FARMER AFFIDAVIT IS NOT COMPETENT AND IS INSUFFICIENT TO ESTABLISH REMOVAL JURISDICTION

The defendant, in support of its argument that the principal place of business of FCD-1997, Inc", is North Carolina, has submitted an affidavit signed by Nancy L. Farmer, who states that she is "Director of Risk Management/Corporate Compliance" for "**Faison & Associates LLC**" an entity not a party to this litigation. Moreover the affidavit, through out, refers to an entity "**FCD-1997, Inc**." which, according to the defendant, **is not** the managing member and, or, sole member of the defendant. That entity is said to be FDC-1997 G.P., Inc. Exhibit 2A relates to FCD-1997 G.P., Inc. but is uninformative as to Faison-Kalorama LLC.

Moreover, the Farmer affidavit does not actually state how FCD-1997 G.P., Inc. is related to "Faison & Associates LLC". It seems proper to conclude that Ms. Farmer is not an officer or director or an employee of FCD-1997 G.P., Inc., otherwise she surely would have so stated, and

in her position as a risk manager and corporate compliance officer for Faison & Associates LLC, it is not clear that she has specific knowledge of the assets, income and place of production and services, hence the principal place of business, of FCD-1997 G.P., Inc.

The Farmer affidavit ,at paragraph 8 , states the places " FCD-1997, Inc.", again not a party to this litigation or alleged to be a member of the Faison-Kalorama LLC, has historically operated but those facts, if they are facts, are not determinative of the principal place of business of the defendant or its alleged sole member "FCD-1997 G.P., Inc." for the relevant time period for this litigation's purposes which the plaintiff avers is the period of development and marketing of 1701 Kalorama Road, N.W. located in the District of Columbia.

While the Farmer affidavit, at paragraph 8, makes conclusory and vague statements about FCD-1997, Inc. having current "membership interests" and "general partnerships" in several states, we are not apprised of the names of these entities or the percentage ownership of FCD-1997 G.P., Inc. in any of those "interests" or whether they are active or on-going enterprises, defunct, or simple shells awaiting assignment to some development project and most importantly, how any of that is relevant to **FCD-1997 G.P., Inc**. which the defendant claims is the sole member of the Faison-Kalorama, LLC. The plaintiff would only point out that there is a great deal of difference between a general partnership, a corporation and even an incorporated general partnership(if such an entity can exist ).

At paragraph 9, the Farmer affidavit, again states in a conclusory manner, about FCD-1997, Inc., that "the day-to-day business is conducted" in Charlotte, North Carolina. An obvious questions presented is what is the day-to-day business of Faison & Associates LLC vis-a vis FCD-1997 G.P., Inc. Inasmuch as Ms. Farmer is not an officer, director or even an employee of

FCD-1997 G.P., Inc., her competence to comment as to the "day-to-day" activities of that entity is hearsay at best and is not established by anything in her affidavit. The plaintiff would suggest that the Court should not infer any fact to the benefit of the defendant. There is no statement of what the relationship is between Faison and Associates LLC and FCD-1997 G.P., Inc. or even FCD-1997, Inc. Ms. Farmer's ability to swear based on personal knowledge about FCD-1997 G.P., Inc. is not even alleged.

Based on Ms. Farmer's job title for something called "Faison & Associates LLC" it is unlikely that she is personal knowledgeable as to the day-to-day business of FCD-1997 G.P., Inc.; something she doesn't even assert in her affidavit. Clearly, the defendant has failed to provide a competent affidavit establishing removal jurisdiction.

### THE COMMON USE OF SINGLE ASSET ENTITIES FOR DEVELOPMENT PROJECTS

It has become standard practice in the real estate industry for "free standing" entities to be created to carry forward development projects. FCD-1997 G.P., Inc. is most likely a single purpose entity, which at the time of the re-development of 1701 Kalorama Rd, N.W. project was carrying forward one specific project. Such an approach would be consistent with liability concerns, lender interests in absolute security for their multi-million dollar loans and Draconian tax accounting requirements which are related to multi-family real estate development. The defendant has never refuted the single asset allegations of the plaintiff's motion to remand.

### "HEADQUARTERS' IS NOT SYNONYMOUS WITH "PRINCIPAL PLACE OF BUSINESS"

The defendant's brief seems to proffer the argument that the alleged "headquarters" of the

defendant, or its members, is synonymous with the language of the relevant statute *"principal place of business"*. *Title 28 U.S.C. 1332(c)*. The case law does not support that interpretation of the statute.

### AS A SEPARATE MATTER THE PLAINTIFF HAS SOUGHT LIMITED DISCOVERY

Diversity jurisdiction is disfavored toward the goal of assuring that the federal courts are not clogged with cases which should be heard in the state courts.

While it is the position of the plaintiff that the defendant has utterly failed to give the court meaningful proof on the issue of principal place of business of the defendant and its purported "sole" member, it should be noted that the plaintiff has filed a motion for limited discovery in this matter. At the hearing held on January 3, 2006, the counsel for the defendant indicated that the defendant did not oppose that motion and no opposition has been filed..

### CONCLUSION

The burden is on the party seeking removal to establish the jurisdiction of the federal court. A question is presented as to how many opportunities does the removing party have to do that. The defendant, here, has had two bites at the apple. It should have in the first instance provided 1) an affidavit, by someone with personal knowledge, attached to its original notice of removal supporting in substance its claim to diversity and in the second instance 2) it should have provided an affidavit as part of its opposition by an officer, director, or employee with personal knowledge of the defendant or FCD-1997 G.P., Inc. ; neither one of which the defendant has supplied to the court.

A careful, and critical, analysis of the affidavit submitted by the defendant is required in this matter. In addition to all the matters argued herein above, it is also significant to these matters to note that the defendant has provided no evidence that FCD-1997 G.P., Inc. is in fact the sole member, or even a member, of the Faison-Kalorama LLC other than the bare assertions of opposing counsel which the plaintiff challenges. Additionally, the defendant has provided no rebuttal evidence as to the principal place of business of the Faison-Kalorama LLC other than the bare assertions of its own counsel. Moreover, provision of an essentially hearsay affidavit supplied by someone(Ms. Farmer) who does not assert a relationship or relevant personal knowledge about the defendant, or its putative "sole" member, is not competent to establish the principal place of business of the Faison-Kalorama LLC, or FCD-1997 G.P., Inc. for the purposes of removal jurisdiction. Good cause exists to grant the plaintiff's motion to remand on the existing record.

**FOR ALL THE FOREGOING REASONS** , the plaintiff prays that the court grant its motion for remand of this matter to the District of Columbia Superior Court. for good cause.

Dated: January 13, 2007

                      Respectfully submitted,

            /s/ *Johnny R. Galloway*
              Johnny R. Galloway DC Bar No. 458056
             1516 P Street, NW
             Washington, D.C.  20005
             (202)726.5426
             Email: johngalloway@email.com
             *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of January, 2007a true copy of the Plaintiff's Reply to Defendant's Opposition to Remand was served by the Courts electronic system to:

Eric L. Yaffe, Esq.
Grant, Mooty
Suite 1111
2600 Virginia Avenue, NW
Washington, D.C.  20037

/s/ *Johnny R. Galloway, Esq*.