IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No: 1:06 CV 02003 TFH

| | |
|---|---|
| PAUL RICHARD NEWTON,<br><br>                Plaintiff,<br><br>v.<br><br>FAISON-KALORAMA, LLC,<br><br>                Defendant. | DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO ALLOW LIMITED DISCOVERY |

Defendant Faison-Kalorama, LLC ("Defendant") submits this memorandum in response to Plaintiff Paul Richard Newton's ("Plaintiff") Motion to Allow Limited Discovery in connection with Plaintiff's pending motion to remand.

**I.    ARGUMENT**

According to his certificate of service, Plaintiff served this motion for limited discovery on December 31, 2006. Plaintiff's basic contention is that Defendant's removal notice had provided "no evidence" to support its jurisdictional allegations. Plaintiff's Memorandum at 1. Plaintiff's motion does not specify what information he seeks concerning the citizenship of Defendant's sole member.

Defendant served its opposition to Plaintiff's motion to remand on January 3, 2007. In that opposition, Defendant provided extensive information, including an affidavit, to show that Defendant's sole member is a North Carolina corporation whose principal place of business is not the District of Columbia. Defendant's Memorandum in Opposition at 4-6. Accordingly, Defendant's opposition has mooted Plaintiff's motion for limited discovery, the relevant

information now having been provided and the Court having a sufficient basis to deny Plaintiff's motion to remand.

Plaintiff does attempt to challenge Defendant's evidence in his reply concerning the motion to remand, which reply was filed on January 14, 2007. The bulk of this challenge, however, is based on a misreading of Defendant's Affidavit of Nancy L. Farmer (the "Farmer Affidavit"). Plaintiff claims that the affidavit "does not relate to the defendant," or its "putative sole member;" does not provide "any evidence" that FCD-1997 is the sole member of Defendant; refers to an entity that "**is not** the managing member (emphasis in the original);" is not based on "personal" or "specific" knowledge; and is "uninformative" as to Defendant. Plaintiff's Reply at 2-4.

Plaintiff's misreading of the Farmer Affidavit is perplexing, to say the least. Contrary to Plaintiff's claim, at paragraph 3 Ms. Farmer states that Defendant's "sole member" is FCD-1997. Further, nowhere does Defendant state that FCD-1997 is not the managing member (it is the sole member and thus must be the managing member). At paragraph 1, Ms. Farmer states that she has personal knowledge of the facts stated in her affidavit. At paragraph 2, she establishes the business basis for that knowledge—one of her job duties is to maintain the corporate information of the numerous Faison entities maintained by her employer, Faison & Associates, LLC. The common sense reading of this paragraph is that Faison & Associates is at a higher point in the corporate structure and thus supervises and maintains other entities, including Defendant and its sole member. The Farmer Affidavit represents competent evidence, by the person in the Faison organization best qualified to provide that evidence, and gives the Court ample basis for concluding it has jurisdiction.

Plaintiff's reply finally does suggest certain topics for limited discovery: the relationship between FCD-1997 and Faison & Associates, the names and percentages of FCD-1997's ownership interests in other entities and their status, and whether FCD-1997 is a single purpose entity. Plaintiff's Reply at 3-4. Defendant submits that, analytically, the relationship between Faison & Associates and FCD-1997 is irrelevant to the jurisdictional issue and that the details of FCD-1997's ownership details are unnecessary for determination of that issue. Defendant nonetheless is willing to provide that information if it would be helpful to a resolution.

## II.   CONCLUSION

Based upon the foregoing, Defendant requests that the Court deny Plaintiff's motion, or alternatively, order limited discovery that would be relevant to the issue before the Court.

This 16th day of January, 2007.

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944
bsanders@rbh.com
Attorneys for Defendant
Faison-Kalorama, LLC

C-1018853v1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALLOW LIMITED DISCOVERY** has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope addressed as follows:

    John R. Galloway
    1516 P Street, N.W.
    Washington, D.C. 20005
    Facsimile (202) 726-6629
    johngalloway@email.com

    Attorney for Plaintiff

This 16th day of January, 2007.

                                        /s/ Eric L. Yaffe_____