**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Action No. 1:06 CV 02003 TFH**

_____

**PAUL RICHARD NEWTON**
                **Plaintiff,**

   v.                                          **PLAINTIFF'S REPLY TO
DEFENDANT RESPONSE
TO MOTION FOR LIMITED
DISCOVERY**

**FAISON-KALORAMA, LLC**
                **Defendant**

_____

   Plaintiff Paul Richard Newton submits this reply to the response of the defendant in this matter to the plaintiff's motion for limited discovery and does say:

   It is the removing party's burden to establish the right to removal. The defendant here has provided no evidence as to the membership or ownership of the defendant. There is no proof that FCD-1997, G.P., Inc. is in fact even a member of the defendant. The contract between the plaintiff and defendant , which in part underlies this litigation, identifies FCD-1997, G.P., Inc. only as "Manager". The title "manger" would not be determinative for the purposes of establishing removal jurisdiction. The plaintiff suggests that the Farmer Affidavit is not sufficient to establish the principal place of business of any of the entities she names in her affidavit. The defendant has failed to provide any corporate papers for Faison-Kalorama LLC. One is left only with mere "inferences" which is significantly below the standard for grant of removal. The plaintiff believes, given the defendant's failure to provide conclusive documentation and proof, this Court should remand the case to the District of Columbia Superior Court.

    Under all the circumstances of this case the burden should not be shifted to the plaintiff to

rebut the defendant's claim to a right to removal to a federal court.  It should be the burden of the plaintiff to ferret out the relationship between "Faison & Associates LLC" and "the numerous Faison entities maintained by F & A" or  the defendant named  in this  matter or the claimed sole member of the defendant  in the context of a removal  petition by the defendant.

If  the Court should not grant remand in this matter, the plaintiff prays that the Court grant its motion for limited discovery.

January 24, 2007

>                          Respectfully submitted,
>
>
>                          */s/Johnny R. Galloway*
>                          Johnny R. Galloway DC Bar. No. 458056
>                          1516 P. Street, NW
>                          Washington, D.C.  20005
>                          (202)726.5426
>                           Email: johngalloway@email.com

## CERTIFICATE OF SERVICE

I certify that the foregoing reply was served via the Court's electronic system to:

Eric L. Yaffe, Esq.
Gray, Plant, Mooty
Suite 111
2600 Virginia Avenue, NW
Washington, D.C. 20037

>                          /*s/ johnny R. Galloway*
>                          Johnny R. Galloway, Esq.