IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL ACTION NO: 1:06CV02003-TFH

| | |
|---|---|
| PAUL RICHARD NEWTON,<br><br>    Plaintiff,<br><br>v.<br><br>FAISON-KALORAMA, LLC,<br><br>    Defendant. | MOTION FOR LEAVE TO SERVE<br>THIRD-PARTY COMPLAINT |

    Defendant Faison-Kalorama, LLC ("Faison") hereby seeks leave of this Court to serve the attached Third-Party Complaint on The Mayhood Company ("Mayhood"), pursuant to Rule 14 of the Federal Rules of Civil Procedure. In support of its motion, Faison states as follows:

    1.    Plaintiff Paul Richard Newton ("Newton") filed the present action on 25 October 2006 in the Superior Court for the District of Columbia. Faison removed to this Court by notice filed 22 November 2006, and filed its Answer on 29 November 2006. Newton's motion to remand is pending.

    2.    Newton claims damages from Faison arising from misrepresentations allegedly made by Faison's agent, Mayhood, which is not presently a party to this action.

    3.    As described in the attached Third-Party Complaint, Faison alleges that if Newton recovers against Faison, Mayhood is liable to Faison for breach of its agency duties of care and to obey instructions.

    4.    Permitting Faison to implead Mayhood would avoid circuity and eliminate duplication of suits based on closely related matters. See, e.g., Noland Co. v. Graver Tank &

Mfg. Co., 301 F.2d 43, 50 (4th Cir. 1962); 6 Wright & Miller, Federal Practice & Procedure Civil 2d § 1443, at 300.

5.  This Court's scheduling Order of January 5, 2007 calls on the parties to "join additional parties and amend pleadings" by April 6, the day on which Faison files this motion.

6.  Permitting Faison to implead Mayhood thus would not prejudice any of the parties to this action: "[I]f the claim is a proper third-party action and will not prejudice the other parties to the litigation, there is no reason to deny an application under Rule 14(a)." Id. § 1443, at 303.

WHEREFORE, Faison prays that the Court enter an order granting it leave to serve the attached Third-Party Complaint.

This 6th day of April, 2007.

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRANT, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone:  (202) 295-2200
Facsimile:  (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile:  (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
Faison-Kalorama, LLC

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing Motion for Leave to Serve Third-Party Complaint has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope addressed as follows:

     John R. Galloway
     1516 P Street, N.W.
     Washington, D.C. 20005
     Facsimile (202) 726-6629
     johngalloway@email.com

     Attorney for Plaintiff

This 6th day of April, 2007

                                                         /s/ Eric L. Yaffe_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL ACTION NO: 1:06CV02003-TFH

| | |
|---|---|
| **PAUL RICHARD NEWTON,**<br><br>       **Plaintiff,**<br><br>  v.<br><br>**FAISON-KALORAMA, LLC,**<br><br>       **Defendant/**<br>       **Third-Party Plaintiff,**<br><br>  v.<br><br>**THE MAYHOOD COMPANY,**<br><br>       **Third-Party Defendant.** | **THIRD-PARTY COMPLAINT** |

Defendant and Third-Party Plaintiff Faison-Kalorama, LLC ("Faison") hereby impleads Third-Party Defendant The Mayhood Company ("Mayhood"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, and alleges and says:

## PARTIES

1. Plaintiff Paul Richard Newton ("Newton") is, upon information and belief, a citizen and resident of the District of Columbia.

2. Third-Party Plaintiff Faison is a North Carolina limited liability company whose managers and members all are residents of North Carolina.

3. Third-Party Defendant Mayhood is a corporation formed under the laws of Maryland, with its principal place of business in Virginia.

## JURISDICTION OF THIS COURT

4. This Court has jurisdiction of the subject-matter of this action, pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has supplemental jurisdiction of the subject-matter of the third-party claims herein, pursuant to Article III of the Constitution of the United States and 28 U.S.C. § 1367, because diversity of citizenship exists between the third-party plaintiff and the third-party defendant.

## FACTS

6. Faison is the developer of the Delancey Lofts Condominium ("Delancey Lofts"), located at 1701 Kalorama Street, Washington, D.C.

7. On or about 16 October 2004, Faison entered into a Marketing Agreement with Mayhood, under which Mayhood agreed to act as Faison's agent to provide certain marketing services for the condominium units at Delancey Lofts.

8. On or about 12 May 2005, Newton entered into an agreement with Faison to purchase Unit 213, later designated as Unit M-2 (the "Unit"), at Delancey Lofts from Faison (the "Purchase Agreement").

9. The Purchase Agreement included an Addendum #1 (the "Addendum"), also executed by Newton on or about 12 May 2005, in which Newton represented that he would not lease or sell the Unit during his first 12 months of ownership, and that if he did so, he would pay all rents received, or 50% of any net sale proceeds, as applicable, to Faison.

10. Kirsten Alberts ("Alberts") is an employee of Mayhood who acted on behalf of Mayhood in this transaction.

11. Paragraphs 7 and 10 of Newton's Complaint in this action allege that Alberts represented to Newton that the Addendum was not legally enforceable, that Faison would not enforce it, and that language based on the Addendum would not appear on the deed conveying the property. Faison makes no such statement in the Addendum or in any other document related to the transaction.

12. Section 5(c) of the Purchase Agreement provides that "[Newton] acknowledges and agrees that [Faison] shall not be responsible for any information given by [Mayhood] or any cooperating broker which is not included in the Condominium Documents [which include the Addendum] or which is at variance with the statements or provisions contained therein."

13. In its Answer, Faison, *inter alia*, denies that Alberts made any such representation, and in any event contends that it is entitled to judgment as a matter of law based on the language of the Purchase Agreement. Faison pleads its claims herein in the alternative to the responses and defenses in its Answer.

### CLAIM FOR RELIEF—LIABILITY AS AGENT

14. Faison incorporates the allegations of paragraphs 1 through 13 as though fully set forth herein.

15. As an agent of Faison, Mayhood owed Faison, among other things, a duty of care to accomplish the object of its agency and a duty to obey all instructions and directions with regard to the performance of its agency.

16. If Mayhood made the representations Newton alleges in his complaint, then Mayhood breached its duty of care to Faison and its duty to obey all instructions and directions with regard to the performance of its agency.

17. To the extent that Newton recovers from Faison on his claims in this action, Mayhood's conduct actually and proximately caused damage to Faison.

18. Faison is therefore entitled to judgment against Mayhood in the amount of any damages, attorneys' fees and other costs which Newton may recover from Faison.

## PRAYER FOR RELIEF

**WHEREFORE**, Faison prays that, in the alternative to the responses and defenses in its Answer, the Court:

1. Enter judgment against Mayhood in the amount of any damages, attorneys' fees and other costs which Newton may recover from Faison;

2. Award Faison its reasonable attorneys' fees and costs in this action; and

3. Grant such further relief as this Court may deem just and proper.

This 6th day of April, 2007.

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRANT, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Of Counsel:
D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
Faison-Kalorama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Third-Party Complaint has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope addressed as follows:

>John R. Galloway
>1516 P Street, N.W.
>Washington, D.C. 20005
>Facsimile (202) 726-6629
>johngalloway@email.com
>
>Attorney for Plaintiff

This 6th day of April, 2007

/s/ Eric L. Yaffe_____