IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

PAUL RICHARD NEWTON
c/o JOHN R. GALLOWAY, ESQ.
1516 P STREET, N.W.
WASHINGTON, D.C.  2005

       Plaintiff,

  v.

FAISON-KALORAMA, LLC.

 Serve:   **Registered Agent
            CT Corporation System
            1015 15th Street, NW
            Suite 1000
            Washington, D.C.  20005**

       Defendant

Civil No. 2006 CV 2003 TFH

**JURY DEMAND**

---

## AMENDED VERIFIED COMPLAINT

**NOW COMES** the plaintiff, Paul Richard Newton, an individual, and brings this amended complaint against Faison-Kalorama, LLC. and says as follows:

### PARTIES

1. The plaintiff is a resident and citizen of the District of Columbia.

2.  The defendant is a North Carolina  limited liability company, with authority to do business in the District of Columbia.

## JURISDICTION

3. This Court has jurisdiction over the parties in that all events alleged in the complaint took place within the District of Columbia, the real estate at issue is within the District of Columbia and the defendant conducts business within the District of Columbia.

4. The Court has personal and subject matter jurisdiction pursuant to *SCR Civil 13.*.

## STATEMENT OF FACTS

5. On or about May 12, 2005 the plaintiff entered into an agreement to purchase unit 213, later designated as Unit M-2, at the Delancey Lofts Condominium, located at 1701 Kalorama Street, Washington, D.C., recorded in the land records of the DC Recorder of Deed as Square 2566 Lot 29, in fee simple.

6. Before signing the purchase contract the plaintiff questioned language in a addendum to the purchase contract titled in pertinent part "AFFIRMATION OF OWNER OCCUPANCY, LEASING AND RESALE ADDENDUM" relating to the seller, Faison-Kalorama, LLC, demanding the right to receive 50% of any profit from the sale of the unit if it were sold within one year of the plaintiff's purchase and ,separately, a right to receive one hundred per cent (100%) of any rents received by the purchaser within the first twelve months of purchase.

7. The seller's agent, Kisten Alberts, stated that the addendum was not being enforced because it was legally unenforceable and that in any case the addendum language would not appear on the deed to be conveyed.

8. Based on those assurances by Alberts, the plaintiff signed the purchase contract, and the addendum for the purchase of unit 213.

9. On at least two occasions, in late May 2005, and after the plaintiff's signing the contract, the plaintiff again sought specific assurances that the language requiring an owner selling a unit within one year of his purchase date would be required to give the seller, Faison, fifty per cent (50%) of any profit above the purchase price and one hundred per cent of any rent income for the first year **would** **not** be a part of the deed conveying fee simple title to the Plaintiff.  Again, the Plaintiff was assured again by Ms. Alberts, the agent for the seller, that the language **would not** be a part of the deed from the seller to the Plaintiff conveying fee simple title. The same representations were made to other purchasers.  Please see Plaintiff's Exhibit 1, attached hereto.  At all times relevant to this complaint Ms. Alberts was the real estate agent of the defendant.

10. After the signing of the contract, the seller provided a copy of the condominium declaration which included a copy of the "Sample Deed" the seller would use to convey title which did not include any covenant restraining the purchaser's right of alienation. The "Deed" is included at Exhibit 2, hereto.

11. On the date of closing no one appeared on behalf of the seller at the closing. At the designated closing time, the settlement agents were "tied up" with a "complicated" closing with someone else.  However, the Plaintiff, seated in a separate room alone, signed the closing papers which were eventually provided by the settlement agent and the purchase price already had been wired directly to the settlement agent by the Plaintiffs mortgage lender to be paid to the sellers.

12. A copy of the deed was provided at the end of the closing after all documents required to be signed by the plaintiff had been signed..

13. To the utter surprise of the Plaintiff, the deed covenant which was not to appear in the deed was in fact made a part of the deed. See Exhibit 5 attached hereto.

14. To the best of the knowledge of the Plaintiff, he never signed any covenant document granting any rights to the seller.

15. In May 2006, the Plaintiff received an expression of interest in purchasing his unit for $699,000 approximately one hundred fifty thousand dollars ($150,000.00) more than the Purchaser's purchase price. However, the Plaintiff had been advised by a title company that the Plaintiff could not convey clear title, unless the deed covenant at issue was removed. See Plaintiff's Exhibit 4, attached hereto. The plaintiff was unable to enter into a contract to sell the property.

16. On May 5, 2006 the Plaintiff, through counsel, asked the defendant to voluntarily remove the deed covenant.

17. On or about May 16, 2006 the defendant, through its counsel, refused to remove the deed covenant but offered to remove the deed covenant when and the defendant had sold all units at the condominium project.

18. The deed covenant imposed by the defendant in the deed is intended to unjustly enrich the defendant and serves no public policy.

19. The deed covenant provision in the purchase contract addendum and deed was not the result of a negotiation process, Plaintiff did not bargain for or negotiate for the deed covenant provision which was written totally by the seller, and the Plaintiff received no consideration, for the imposed deed covenant.

20. At no time was the plaintiff told that the so-called deed covenant would attach to the land. and, as a consequence, impair the plaintiff's fee simple ownership.

21. The plaintiff is forced to bring this action after all efforts to resolve the matter have failed and the defendant has specifically refused to voluntarily remove its lien.  As a direct result of the deed covenant  imposed by the seller, the Plaintiff has been unable  to consummate sell his property in the manner and at the price he elects  which is his right as a fee simple owner, to his pecuniary detriment, and ,separately, to exercise his full rights of ownership.

## COUNT I

### Fraudulent Misrepresentation, Fraud in the Inducement, Negligent Misrepresentation
Tort

22. Plaintiff hereby re-alleges Paragraphs 1 through 21 as if fully stated.

23. The specific statements made by Kristen Alberts, as agent for the defendant, that the deed ro be provided by the seller  would not include the covenant restraining the plaintiff's rights of alienation, were false , were material to the sales transaction at issue in this litigation, and the seller's agent, Alberts, knew or should have known of there falsity, and the statements that the covenant would not be a part of the deed were intended to deceive the plaintiff, were made before and after the plaintiff's signing the contract, and the plaintiff relied upon the statements made by Alberts in entering into the contract.

24. At all times relevant Alberts was an agent of  the Seller.

25. The misrepresentations made by Albert induced the plaintiff to enter into the contract to purchase, and further to go to closing, only to be presented with a deed containing the covenant restraining his rights of alienation as a fee simple owner.

26. As a result of the misrepresentations as detailed herein above the plaintiff has suffered impairment of his rights of alienation as the fee simple owner of the property at issue in this litigation.

**WHEREFORE** the plaintiff seeks removal of the fraudulently procured deed covenant and that the plaintiff be awarded tort damages in an amount subject to proof, his reasonable attorney fees, the costs of litigation and any other such relief may found just and appropriate.

### COUNT I

### Slander of Title
### Tort

27. Plaintiff hereby re-alleges Paragraphs 1 through 26 as if fully stated herein.

28. The deed covenant imposed by the defendant is an unreasonable restraint on alienation which is fundamentally incompatible with the fee simple absolute ownership of the plaintiff and was not bargained for by the parties and the Plaintiff receive no consideration from the defendant to bind any such promise.

29. The language of the Addendum to the purchase contract, at issue, was drafted only by the Defendant and appears as a standardized part of <u>every</u> contract for the purchase of units at the Delancey Lofts Condominium and as such is an adhesion element of an adhesion contract.

30. The restraint represented by the Defendant's imposed deed covenant only purpose is to allow the seller to participate in any appreciation in the value of a property it has sold in fee simple. And serves no cognizable public purpose.

31. The imposed deed covenant cast a cloud on the title and impaired the vendibility of the plaintiff's property.

32. The defendant refused to release the imposed covenant.

33. As a proximate result of the defendant's refusal to release the imposed covenant, the Plaintiff lost a prospective profitable sale of the property in the amount of one hundred and fifty thousand dollars above the mortgage price constituting special damages in this matter.

34. The defendant refusing release of the improvident deed covenant was malicious, with evil motive, for no proper purpose , in reckless disregard of the Plaintiff's rights and akin to racketeering.

35. This court has the authority to reform the deed and to find that the imposed covenant is invalid and unenforceable.

**WHEREFORE** , Plaintiff respectfully requests that 1) the Court find that the imposed covenant is invalid and unenforceable, 2)   the Court require release of the imposed covenant., 3)      the Plaintiff be awarded compensatory and exemplary damages , his attorney fees and costs in the matter, and 4) such other relief as the Court may deem just and proper in the matter.

### COUNT III

### Violations of *D.C. Code 28-2904(2003)*
### Unlawful Trade Practices

31.  Plaintiff  hereby re-alleges paragraphs 1 through 35 as if fully stated herein.

32. Defendant, by and through its agent, Kisten Alberts, stated that the addendum at issue in the suit would not be a part of the deed as previously averred in paragraphs 6,7,and 9 herein above.

33. The statements by Alberts were made with full knowledge of their falsity; in the alternative, Alberts knew or should have known whether such statements were in fact true in her role as a real estate agent for the Seller.

34. The statements made by Alberts were intended to induce the Plaintiff to sign the purchase contract and addendum and was a misrepresentation as to a material fact which had a tendency to mislead the Plaintiff in violation of *D.C. Code 28-3904(e).*

35. As result of the above misrepresentation of a material fact the Plaintiff has suffered unreasonable impairment of his rights, as a fee simple owner, to lease his unit and retain such rental income for no proper purpose.

36. As a result of the above misrepresentation as detailed in paragraphs 6,7 and 9 herein above the Plaintiff has suffered a pecuniary loss because of unreasonable impairment of his right to freely sell his property at any time and at any price he elected without giving over to the Defendant fifty per cent (50%) of any profit.

**WHEREFORE,** Plaintiff respectfully requests that he 1) be awarded his compensatory damages subject to proof, 2) be awarded treble damages and punitive damages, 3) be awarded his attorney fees and costs, and 4) be awarded any other relief this Court may deem just and proper in this matter.

## JURY DEMAND

37. Plaintiff demands trial by jury on all counts.

## VERIFICATION

*District of Columbia: ss*

I, Paul Richard Newton, first being duly sworn on oath depose and state that the foregoing Verified Complaint has been read and subscribed by me and the things contained therein are true to the best of my knowledge, information and belief.

/c/ Paul Richard Newton
Paul Richard Newton

Subscribed and sworn to before me this 24th day of November, 2006.

/s/ Zainab Kamara
NOTARY PUBLIC

My commission expires June 30, 2011

Respectfully submitted,

/s/Johnny R. Galloway
Johnny R. Galloway DC Bar No. 458056
1516 P Street, NW
Washington, D.C. 20005
Tel: (202)726.5426
Fax: (202)726.6629; 588.8819

Email: johngalloway@email.com

*Attorney for Plaintiff*