IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL ACTION NO: 1:06CV02003-TFH

| | |
|---|---|
| PAUL RICHARD NEWTON, <br><br> Plaintiff, <br><br> v. <br><br> FAISON-KALORAMA, LLC, <br><br> Defendant, <br><br>_____ <br><br> FAISON-KALORAMA, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> THE MAYHOOD COMPANY, <br><br> Third-Party Defendant. | ANSWER TO AMENDED COMPLAINT |

Defendant Faison-Kalorama, LLC ("Faison") hereby answers the Amended Verified Complaint of Plaintiff Paul Richard Newton ("Newton"). Answering the numbered paragraphs of the Complaint:

Parties

1.  Admitted upon information and belief.

2.  Defendant admits that it not only claims to be but is a North Carolina limited liability company, with authority to do business in the District of Columbia.

Jurisdiction

3.  The allegations of Paragraph 3 do not require a response, but Faison responds that it has removed this case and alleged that this Court has jurisdiction over the parties.

4.      The allegations of Paragraph 4 do not require a response, but Faison responds that it has removed this case and alleged that this Court has jurisdiction over the parties and subject matter.

Statement of Facts

5.      Admitted.

6.      Faison admits that Addendum #1 to The Delancy Lofts Condominium Unit Purchase Agreement (the "Purchase Contract") is attached to the Complaint as Exhibit 1 and is titled in part "AFFIRMATION OF OWNER OCCUPANCY, LEASING AND RESALE ADDENDUM." Addendum #1 speaks for itself and requires no further response. Faison further admits that Newton inquired of Ms. Alberts concerning Addendum #1 before signing the Purchase Contract, and Ms. Alberts told him he should consult his own attorney about any questions concerning the language of the Purchase Contract, which Newton later confirmed having done. Except as otherwise stated, Faison denies the allegations of Paragraph 6.

7.      Denied.

8.      Denied.

9.      Faison admits that Ms. Alberts was employed by third-party defendant, The Mayhood Company, which was Faison's agent for certain limited purposes. Faison admits that a document marked as Exhibit 1 is attached to the Complaint, which document speaks for itself and requires no further response. Except as admitted, Faison denies the allegations of Paragraph 9.

10.     Faison admits that a document marked as Exhibit 2 is attached to the Complaint, which document speaks for itself and requires no further response. Except as admitted, Faison is

without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies those allegations.

11. Faison admits that Newton signed the closing papers. Except as admitted, Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies those allegations.

12. Faison admits that Newton was provided a copy of the deed in connection with the closing. Except as admitted, Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies those allegations.

13. Faison admits that a document marked as Exhibit 5 is attached to the Complaint, which document speaks for itself and requires no further response. Except as admitted, Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies those allegations.

14. Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies those allegations.

15. Faison admits that a document marked as Exhibit 4 is attached to the Complaint, which document speaks for itself and requires no further response. Except as admitted, Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies those allegations.

16. Faison admits that Newton's counsel wrote Faison a letter dated May 5, 2006, which letter speaks for itself and requires no further response. Except as admitted, Faison denies the allegations of Paragraph 16.

17. Faison admits that its counsel wrote Newton a letter dated May 16, 2006, which letter speaks for itself and requires no further response. Except as admitted, Faison denies the allegations of Paragraph 17.

18. Denied.

19. Denied.

20. Faison is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies those allegations.

21. Faison denies the allegations of the first sentence of Paragraph 21. Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 21 and therefore denies those allegations.

Response to Count I

22. Faison realleges and incorporates by reference its responses to Paragraphs 1 through 21 above.

23. Denied.

24. Faison admits that Ms. Alberts was employed by third-party defendant, The Mayhood Company, which was Faison's agent for certain limited purposes. Except as admitted, Faison denies the allegations of paragraph 24 and specifically denies Ms. Alberts was authorized to make (or made) any false or inaccurate statements to Plaintiff.

25. Denied.

26. Faison denies any misrepresentations were made to Plaintiff. Faison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 and therefore denies those allegations.

Response to Count II

27. Faison realleges and incorporates by reference its responses to Paragraphs 1 through 26 above.

28. Denied.

29. Denied.

30. Denied.

31. Faison is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies those allegations.

32. Faison admits that it did not waive the covenant at issue when Newton requested it to do so in May 2006. Except as admitted, Faison denies the allegations of Paragraph 32.

33. Denied.

34. Denied.

35. Newton's allegation concerning this Court's authority requires no response, but Faison nonetheless denies that Newton is entitled to any of the relief he requests.

Response to Count III

**[Note: Plaintiff's allegations in Count III are numbered 31-36. Defendant answers these allegations as if they were numbered correctly.]**

36. Faison realleges and incorporates by reference its responses to Paragraphs 1 through 35 above.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

5

Jury Demand

42. Newton's jury trial demand requires no response.

**DEFENSES**

1. Faison is entitled to judgment as a matter of law based upon the terms of the Purchase Contract, including without limitation paragraphs 5(c) and Section 23(d).

2. Newton, a licensed real estate agent acting as his own broker, purchased the condominium at issue with full knowledge of the restrictions in Addendum #1 and the deed covenant. Accordingly, Newton has waived or is estopped from complaining about such restrictions.

3. Newton failed to join an indispensable party, *i.e.*, The Mayhood Company, in that Ms. Alberts was at all relevant times an employee of The Mayhood Company, and the statements she allegedly made were beyond any authority conferred upon her by Faison. Accordingly, even if Newton's allegations are true and the terms of the Purchase Contract are disregarded, the only entity that can be liable to Newton is The Mayhood Company. Faison now has brought The Mayhood Company into the case as a third-party defendant.

4. Newton's claims are barred by the statute of frauds.

5. If Newton were damaged as alleged, which is denied, the damages resulted from a risk which Newton knowingly, willingly, and voluntarily assumed and, thus, Newton can recover nothing.

6. Newton's claims for damages are barred in whole or in part by his failure to mitigate any such damages.

7. Newton's claims are moot in whole or in part.

6

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Amended Verified Complaint, Faison requests that the Court:

1. Dismiss such Complaint in its entirety with prejudice;

2. Award Faison its attorneys' fees as appropriate under applicable law; and

3. Grant Faison such other relief as the Court may deem appropriate.

This 14th day of May, 2007.

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant/Third-Party Plaintiff
Faison-Kalorama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer has been served upon each of the parties to this action via the Court's electronic system:

> John R. Galloway
> 1516 P Street, N.W.
> Washington, D.C. 20005
> Facsimile (202) 726-6629
> johngalloway@email.com
>
> Attorney for Plaintiff
>
> John A. Stackhouse (via facsimile and first class U.S. mail)
> Roetzel & Andress, P.A.
> 1025 Connecticut Avenue, NW
> Suite 220
> Washington, District of Columbia 20036
>
> Attorney for Third-Party Defendant

This 14th day of May, 2007.

/s/ Eric L. Yaffe