IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL RICHARD NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| FAISON-KALORAMA, LLC ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | Civil Action No: 1:06CV02003-TFH |
| ) | |
| v. ) | |
| ) | |
| THE MAYHOOD COMPANY ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
THIRD-PARTY DEFENDANT THE MAYHOOD COMPANY
TO THIRD-PARTY PLAINTIFF'S COMPLAINT**

**(Action Involving Real Property)**

Third-Party Defendant, The Mayhood Company ("Mayhood"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Defendant/Third-Party Plaintiff Faison-Kalorama's Third-Party Complaint and, in support hereof, states as follows:

**Parties**

1. Mayhood is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Third-Party Complaint and therefore denies same.

2.	Mayhood is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Third-Party Complaint and therefore denies same.

3.	Mayhood denies that it is an active corporation formed under the laws of the State of Maryland. Mayhood admits the remaining allegations contained in Paragraph 3 of the Third-Party Complaint.

**Jurisdiction of this Court**

4.	Paragraph 4 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required.

5.	Paragraph 5 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required.

**Facts**

6.	Mayhood admits the allegations contained in Paragraph 6 of the Third-Party Complaint.

7.	Mayhood is in the process of confirming the allegations contained in Paragraph 7 of the Third-Party Complaint. In the interim, Mayhood denies the allegations contained in Paragraph 7 of the Third-Party Complaint.

8.	Mayhood admits the allegations contained in Paragraph 8 of the Third-Party Complaint.

9.	Mayhood admits the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. Paragraph 10 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Mayhood denies the allegations contained on Paragraph 10 of the Third-Party Complaint.

11. Newton's Complaint speaks for itself. Maywood denies the allegations contained in Paragraphs 7 and 10 of Newton's Complaint.

12. The Purchase Agreement speaks for itself. If, and to the extent that, the allegations contained in Paragraph 12 of the Third-Party Complaint are inconsistent with the Purchase Agreement, the allegations are denied.

13. The Answer speaks for itself. If, and to the extent that, the allegations contained in Paragraph 13 of the Third-Party Complaint are inconsistent with the Answer, the allegations are denied. The remaining allegations in Paragraph 13 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Mayhood denies the allegations contained on Paragraph 13 of the Third-Party Complaint.

**Claim for Relief – Liability as Agent**

14. Mayhood restates and incorporates by reference its defenses and answers to all of the above paragraphs.

15. Paragraph 15 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Mayhood denies the allegations contained on Paragraph 15 of the Third-Party Complaint.

16. Paragraph 16 of the Third-Party Complaint calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Mayhood denies the allegations contained on Paragraph 16 of the Third-Party Complaint.

17. Mayhood denies the allegations contained in Paragraph 17 of the Third-Party Complaint.

18. Mayhood denies the allegations contained in Paragraph 18 of the Third-Party Complaint.

### Prayer for Relief

19. Mayhood denies that the Third-Party Plaintiff is entitled to any of the relief requested in the paragraphs in its prayer for relief.

### FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of release.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the Plaintiff's and/or the Third-Party Plaintiff's breach of the applicable contracts(s).

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the fact that the Plaintiff and/or the Third-Party Plaintiff has failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of avoidable consequences.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the statute of frauds and/or the parol evidence rule.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Third-Party Complaint are barred by the doctrine of laches and/or statute of limitations.

Mayhood reserves the right to add additional affirmative defenses as it becomes aware of such defenses through the course of discovery.

Dated: May 29, 2007

Respectfully submitted,

Roetzel & Andress, LPA

By: /s/ Stanley H. Goldschmidt
  Stanley H. Goldschmidt
  D.C. Bar No. 376482
  Roetzel & Andress, LPA
  1025 Connecticut Avenue, N.W.
  Suite 220
  Washington, D.C. 20036
  (202) 625-0600 (phone)
  (202) 338-6340 (fax)

  Counsel for Defendant The Mayhood Company

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2007, a copy of the foregoing was electronically filed with the Clerk of the Court, which shall electronically serve a copy of the foregoing document to following counsel of record:

John R. Galloway
1516 P Street, N.W.
Washington, D.C.  20005

Attorney for Plaintiff


Eric L. Yaffe
Jimmy Chatsuthiphan
Grant, Plan, Mooty, Mooty & Bennett, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037

Attorneys for Third-Party Plaintiff


/s/ Hilary J. Garner
Hilary J. Garner

3578 v_01 \ 114544.0005