**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 1:06CV02003 RWR**

| | |
|---|---|
| **PAUL RICHARD NEWTON,**<br><br>               **Plaintiff,**<br><br>**v.**<br><br>**FAISON-KALORAMA, LLC,**<br><br>               **Defendant.**<br>―――――――――――――――――<br>**FAISON-KALORAMA, LLC,**<br><br>           **Third-Party Plaintiff,**<br>**v.**<br><br>**THE MAYHOOD COMPANY,**<br><br>          **Third-Party Defendant.** | **DEFENDANT FAISON-KALORAMA, LLC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM PLAINTIFF PAUL RICHARD NEWTON** |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Faison-Kalorama,

LLC ("Faison"), by and through its attorneys, hereby moves to compel the production of

documents and answers to interrogatories from Plaintiff Paul Richard Newton. Faison served its

First Request for Production of Documents, attached hereto as Exhibit A, and its First Set of

Interrogatories, attached hereto as Exhibit B, on Plaintiff Newton on March 30, 2007. Inasmuch

as over sixty (60) days have passed without Plaintiff Newton providing any written responses to

the discovery or any documents to Faison, and for the reasons more fully discussed in the

accompanying Memorandum, Faison requests that Newton be Ordered to provide full responses

to the discovery propounded within seven (7) days from the date of the Court's Order.[1]

Respectfully submitted,

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRANT, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
Dated: June 6, 2007          Faison-Kalorama, LLC

---

[1] Counsel for Faison has attempted in good faith to resolve the issues raised by this Motion with counsel for Plaintiff. Those efforts were unsuccessful. *See* Certification of Eric L. Yaffe attached hereto as Exhibit C.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT FAISON-KALORAMA, LLC'S

MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND ANSWERS TO

INTERROGATORIES  FROM PLAINTIFF PAUL RICHARD NEWTON has been served upon

each of the parties to this action via the Court's electronic system:

John R. Galloway
1516 P Street, N.W.
Washington, D.C. 20005
Facsimile (202) 726-6629
johngalloway@email.com

Attorney for Plaintiff

Stanley H. Goldschmidt
1025 Connecticut Avenue, NW
Washington, DC 20036
(202) 625-0600
Email: stan@goldschmidtlaw.com

Attorney for Third-Party Defendant

This 6th day of June, 2007

/s/ Eric L. Yaffe

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Case No. 1:06CV02003 RWR**

| | |
|---|---|
| **PAUL RICHARD NEWTON,** | |
| **Plaintiff,** | **DEFENDANT FAISON-KALORAMA,** |
| | **LLC'S MEMORANDUM IN SUPPORT** |
| **v.** | **OF ITS MOTION TO COMPEL THE** |
| | **PRODUCTION OF DOCUMENTS AND** |
| **FAISON-KALORAMA, LLC,** | **ANSWERS TO INTERROGATORIES** |
| | **FROM PLAINTIFF PAUL RICHARD** |
| **Defendant.** | **NEWTON** |

**FAISON-KALORAMA, LLC,**

          **Third-Party Plaintiff,**

**v.**

**THE MAYHOOD COMPANY,**

          **Third-Party Defendant.**

Defendant Faison-Kalorama, LLC ("Faison") hereby submits this Memorandum in Support of its Motion to Compel the Production of Documents and Answers to Interrogatories from Plaintiff Paul Richard Newton ("Newton"). It is clear that Newton is not taking his responsibility to comply with discovery seriously and that only an Order from the Court will force him to fulfill his obligations. For the reasons discussed herein, Faison respectfully requests that Newton be Ordered to provide full responses to the discovery requests, and provide all responsive documents, within seven (7) days of the Court's Order.

## BACKGROUND

1.    On October 25, 2006, Newton filed a Verified Complaint against Faison in the Superior Court for the District of Columbia, contending that Faison or its agent, the Mayhood Company, had represented that an addendum and deed covenant relating to a purchase agreement

signed by Newton for a condominium would not be enforced (*See* Amended Verified Complaint at ¶7).  Newton alleged that the addendum and covenant which restricted, in part, Newton's ability to sell the condominium during the first year following the purchase, were enforced by Faison and, as a result, Newton was unable to sell the condominium and suffered damages. Newton brought claims for Slander of Title and Unlawful Trade Practices (*Id.* at ¶¶ 9-21).

2.    Faison immediately removed the action to this Court.  Recently, on April 17, 2007, Newton Amended the Complaint to add a count for fraudulent misrepresentation, fraudulent inducement, and negligent misrepresentation.  (See *Id* at ¶¶ 22-26).  On May 2, 2007, Faison brought a Third Party Complaint against the Mayhood Company  ("Mayhood") contending that, if Newton is able to recover for any of the misrepresentations allegedly made by Mayhood, only Mayhood would be liable inasmuch as Faison cannot be held liable for Mayhood's conduct.

3.    On March 30, 2007, Faison served its first document request and first set of interrogatories on Newton.  Counsel for Newton requested an extension of time up to and including May 28, 2007 to respond to the discovery due to scheduling and logistical difficulties, and Faison agreed.  On May 30, when Faison inquired as to the whereabouts of the responses and documents, Newton's counsel informed Faison that he intended to withdraw from the case forthwith.  He did not indicate when the responses and documents would be forthcoming, did not request a further extension of time, and did not file a request for an extension of time with the Court.

4.    Discovery in this case closes on August 2, 2007.  Faison anticipates taking a small number of depositions, but does not wish to do so until it has been provided with the paper discovery it seeks.

**ARGUMENT**

5.      Under the Federal Rules of Civil Procedure, Newton had until April 30, 2007 – or

thirty days – in which to respond to Faison's discovery requests.  Due to scheduling and

logistical issues, Newton asked for and received an additional month, until May 28, 2007, to

respond.  Even then, Newton failed to respond, and when Faison inquired as to the whereabouts

of the discovery, his attorney stated that he intended to withdraw as Newton's counsel.

Newton's actions are in plain derogation of the rules.  *See Lee v. Flagstaff Industries Corp.,* 173

F.R.D. 651 (D. Md. 1997) (lawyer who has requested, and received, professional courtesy of

extension of time to respond to discovery has concomitant professional obligation to meet agreed

upon extended deadline).

6.      Faison's discovery is straightforward (*See* Exhibits A and B to Faison's Motion to

Compel) and seeks documents and interrogatory responses that are central to Newton's claims

and Faison's defenses.  Newton has no legitimate excuse for his failure to respond to discovery,

and Faison submits that, at this juncture, he should be required to produce the discovery in full.

7.      Faison has already suffered prejudice, and will continue to suffer prejudice, as a

result of Newton's failure to respond to discovery.  Newton's conduct has impeded Faison from

conducting discovery in an orderly and timely fashion, has increased Faison's costs, and could

lead to an undesirable lengthening of this litigation.  Accordingly, Faison seeks an Order

requiring Newton to respond to its discovery requests immediately so that this matter may be

litigated and ultimately concluded as expeditiously as possible.

Respectfully submitted,

/s/ Eric L. Yaffe
Eric L. Yaffe (D.C. Bar No. 439750)
Jimmy Chatsuthiphan (D.C. Bar No. 492603)
GRANT,  PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
2600 Virginia Avenue, Northwest, Suite 1111
Washington, D.C. 20037
Telephone:  (202) 295-2200
Facsimile:  (202) 295-2250

Of Counsel:

D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile:  (704) 373-3944
bsanders@rbh.com

Attorneys for Defendant
Dated: June 6, 2007                    Faison-Kalorama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing DEFENDANT FAISON-KALORAMA, LLC'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS AND ANSWERS TO INTERROGATORIES FROM PLAINTIFF PAUL
RICHARD NEWTON has been served upon each of the parties to this action via the Court's
electronic system:

> John R. Galloway
> 1516 P Street, N.W.
> Washington, D.C. 20005
> Facsimile (202) 726-6629
> johngalloway@email.com
>
> Attorney for Plaintiff
>
> Stanley H. Goldschmidt
> 1025 Connecticut Avenue, NW
> Washington, DC 20036
> (202) 625-0600
> Email: stan@goldschmidtlaw.com
>
> Attorney for Third-Party Defendant

This 6th day of June, 2007

/s/ Eric L. Yaffe

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

2085738

PAUL RICHARD NEWTON,

        **Plaintiff,**

**Case No. 1:06CV02003 RWR**

v.

**FAISON-KALORAMA, LLC,**

        **Defendant.**

## DEFENDANT FAISON-KALORAMA, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PAUL RICHARD NEWTON

Defendant Faison-Kalorama, LLC ("Faison") submits the following request for production of documents to Plaintiff Paul Richard Newton ("Newton").

### DEFINITIONS AND INSTRUCTIONS

1.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

2.     The term "Plaintiff" or "you" or "your" means Paul Richard Newton, the person to whom these requests for production of documents are directed, and any of Plaintiff's officers, agents, employees, or representatives acting on Plaintiff's behalf.

3.     The term "person" or "persons" includes without limitation, any individual, association, partnership, corporation, firm, or organization.

4.     The terms "relate to," "relating to," or "concerning" encompass anything referring to, concerning, consisting of, or otherwise connected with the matter in question.

5.     The words "or" and "and" shall be read as "and/or" so as to give each request its broadest possible meaning.

6.     Should Plaintiff claim a privilege as to the identification of any documents or other materials, the privileged documents or materials shall be described as to date, author, subject matter, and the identity of each party receiving a copy, in a manner sufficient for subsequent application to the court. In addition, Plaintiff shall indicate the grounds upon which any claim of privilege rests.

7.     This request for production is deemed continuing so as to require supplemental answers should Plaintiff or counsel obtain further documents or information responsive to any request for production between the time Plaintiff's answers are served on Defendant and the time of trial.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

1.     Produce all documents identified, referred to, or relied upon in your answers to Faison's First Set of Interrogatories served contemporaneously with these Document Requests.

### DOCUMENT REQUEST NO. 2:

2.     Produce all documents relating to your employment history, current title or position, and job duties, including, but not limited to, a resume or curriculum vitae.

### DOCUMENT REQUEST NO. 3:

3.     Produce all documents relating to properties that you have sold or purchased in a representative capacity as a broker, agent, or realtor, including, but not limited to, any purchase

2

agreements, addendums, closing papers, letters of intent, deeds, notes, communications, and other records of sale.

### DOCUMENT REQUEST NO. 4:

4.     Produce all documents relating to your purchase of the condominium located at 1701 Kalorama Street, Unit 213, Washington, DC, including, but not limited to, any purchase agreements, addendums, closing papers, letters of intent, deeds, notes, communications, and other records concerning the purchase of the condominium.

### DOCUMENT REQUEST NO. 5:

5.     Produce all documents relating to, or used in Plaintiff's formulation of, paragraphs 6 through 10 of your Complaint concerning alleged oral representations made by Kirsten Alberts.

### DOCUMENT REQUEST NO. 6:

6.     Produce all documents relating to, or used in Plaintiff's formulation of, paragraph 15 of your Complaint concerning an alleged $699,000 "expression of interest" in your condominium from a prospective purchaser.

### DOCUMENT REQUEST NO. 7:

7.     Produce all documents relating to, or used in Plaintiff's formulation of paragraph 15 of your Complaint that you were "unable to enter into a contract to sell the property."

### DOCUMENT REQUEST NO. 8:

8.     Produce all documents relating to any contract, agreement, arrangement, or understanding relating to the prospective purchase of your condominium for $699,000 or any other prospective purchases or transactions relating to your condominium.

### DOCUMENT REQUEST NO. 9:

9.     Produce all of Plaintiff's communications from and to prospective purchasers, concerning Plaintiff's condominium.

### DOCUMENT REQUEST NO. 10:

10.     Produce all documents relating to, or used in Plaintiff's formulation of paragraph 29 of your Complaint concerning the allegations therein that Faison's actions were "malicious, with evil motive, for no proper purpose, in reckless disregard of the Plaintiff's rights and akin to racketeering."

### DOCUMENT REQUEST NO. 11:

11.     Produce all documents relating to the profits allegedly lost by Plaintiff as a result of Faison's alleged slander of title or unlawful trade practices.

3

**DOCUMENT REQUEST NO. 12:**

12.    Produce all documents showing any injury to Plaintiff or any persons as a result of Faison's alleged slander of title or unlawful trade practices.

**DOCUMENT REQUEST NO. 13:**

13.    Produce all documents that mention Faison, Kirsten Alberts, Diane L. Keeley, or Glenn D. Simpson.

**DOCUMENT REQUEST NO. 14:**

14.    Produce all documents relating to communications from you to third parties, including but not limited to Kirsten Alberts, Diane L. Keeley, and Glenn D. Simpson, in which you have mentioned or referred to Faison.

**DOCUMENT REQUEST NO. 15:**

15.    Produce all documents that refer to prospective sales you contend you have lost as a result of Faison's alleged slander of title or unlawful trade practices. In lieu of producing all documents responsive to this request, you may provide a list of the names and addresses of all such prospective purchasers.

**DOCUMENT REQUEST NO. 16:**

16.    Produce all documents relating to the alleged $699,000 "expression of interest" in your condominium from a prospective purchaser, including, but not limited to, any offer letters, letters of intent, purchase agreements, addendums, notes, communications, and other records demonstrating that the parties were ready for sale.

**DOCUMENT REQUEST NO. 17:**

17.    Produce all documents relating to Plaintiff's claims of damages.

**DOCUMENT REQUEST NO. 18:**

18.    Produce all documents referring or relating to the alleged slander of title or unlawful trade practices by Faison.

**DOCUMENT REQUEST NO. 19:**

19.    Produce all documents referring or relating to the allegations against Faison for slander of title or unlawful trade practices.

**DOCUMENT REQUEST NO. 20:**

20.    Produce all documents relating to each instance where you believe that a potential purchaser, after considering your condominium, purchased a different property over yours, whether the reason was because of Faison's alleged slander of title or unlawful trade practices.

4

Respectfully submitted,

Eric L. Yaffe (DC Bar No. 439750)
Jimmy Chatsuthiphan (DC Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Of Counsel:
D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Attorneys for Defendant Faison-Kalorama, LLC

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a true and correct copy of the foregoing **DEFENDANT FAISON-KALORAMA, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PAUL RICHARD NEWTON** was sent by facsimile and first-class mail, postage prepaid, to the following:

Johnny R. Galloway
1516 P Street, N.W.
Washington, D.C. 20005
Telephone: (202) 726-5426
Facsimile: (202) 726-6629

Attorney for Plaintiff

Jimmy Chatsuthiphan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

2085738

PAUL RICHARD NEWTON,

                              Plaintiff,

v.

FAISON-KALORAMA, LLC,

                              Defendant.

Case No. 1:06CV02003 RWR

## DEFENDANT FAISON-KALORAMA, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF PAUL RICHARD NEWTON

Defendant Faison-Kalorama, LLC ("Faison") submits the following interrogatories to

Plaintiff Paul Richard Newton ("Newton").

### DEFINITIONS AND INSTRUCTIONS

1.      The word "identify" when used with respect to a natural person means his or her

full name; present or last known home and business address (including street name and number,

city or town, state, and ZIP code) and telephone numbers; and present or last known position, job

title, and employer.

2.      When used with respect to a company, corporation, association, partnership, joint

venture, or any legal entity other than a natural person, "identify" means the full name and type

of organization or entity; the present address of the company, corporation, association,

partnership, joint venture, or entity headquarters; the present location of its principal place of

business (including street name and number, city or town, state, and ZIP code); state, place, and

date of incorporation or organization; and the name of the business in which said corporation is

engaged.

3.   When used with respect to a document, "identify" means to state the name or title of the document, the type of document, its date, the person who authorized it, the person who signed or made it, the person to whom it was addressed, the person to whom it was sent, its present location, the form in which it is retained, any code key (including computer key and program) necessary to retrieve or decipher it, its present custodian, and to which subpart of the interrogatory, if any, the document relates.

4.   When used with respect to any nonwritten communication, "identify" shall be understood to require the identity of the natural persons making and receiving the communication; their respective principals or employers at the time of the communication; the date, manner, and place of the communication; and the identity of each individual who was present or otherwise witnessed the making of such statement or other communication.

5.   When used with respect to an act or other form of conduct, "identify" shall be understood to require the date on which and the place at which such act or conduct occurred; the name, address, and capacity of the individual who committed such act, and the identity of each individual present or who witnessed such act or other conduct being done or performed.

6.   As used herein, the word "describe" means to set forth each fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement that supports, refutes, concerns, relates to, or refers to the allegation referenced or described in the interrogatory, and in addition, means to identify each oral communication and each document that concerns, refers to, or relates to such fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement.

7.   The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s)

2

the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

8.     The term "Plaintiff" or "you" or "your" means Paul Richard Newton, the person to whom these interrogatories are directed, and any of Plaintiff's officers, agents, employees, or representatives acting on Plaintiff's behalf.

9.     The term "interest" means any right, claim, title, legal share, or financial stake in something, either solely, jointly, derivatively, in a representative or custodial capacity, or as a trustee or beneficiary.

10.    The term "person" or "persons" includes without limitation, any individual, association, partnership, corporation, firm, or organization.

11.    The words "or" and "and" shall be read as "and/or" so as to give the interrogatory its broadest possible meaning.

12.    The terms "relate to," "relating to," or "concerning" encompass anything referring to, concerning, consisting of, or otherwise connected with the matter in question.

13.    Should Plaintiff claim a privilege as to the identification of any documents or other materials, the privileged documents or materials shall be described as to date, author, subject matter, and the identity of each party receiving a copy, in a manner sufficient for subsequent application to the court. In addition, Plaintiff shall indicate the grounds upon which any claim of privilege rests.

3

14.     These interrogatories are deemed continuing so as to require supplemental

answers should Plaintiff or counsel obtain further documents or information responsive to any

interrogatories between the time Plaintiff's answers are served on Defendant and the time of

trial.

## INTERROGATORIES

### INTERROGATORY NO. 1:

1.     State the full name, residential address, title or position, employment history, including dates of employment and job duties, of any individual involved in any of the facts or issues in this lawsuit.

### INTERROGATORY NO. 2:

2.     Identify all persons who are likely to have knowledge of any fact alleged in the Complaint, and state the paragraph numbers of the Complaint of which each person is likely to have knowledge.

### INTERROGATORY NO. 3:

3.     Describe the basis for your contention in paragraph 15 of your Complaint concerning an alleged $699,000 "expression of interest" in your condominium from a prospective purchaser, and set forth all facts in your possession concerning these allegations.

### INTERROGATORY NO. 4:

4.     Identify who was involved in the alleged prospective purchase of your condominium for $699,000, including, but not limited to, the individual's name, address, telephone number, and title, and set forth all relevant dates pertaining to this alleged transaction.

### INTERROGATORY NO. 5:

5.     Describe the basis for your contention in paragraph 15 of your Complaint that you were "unable to enter into a contract to sell the property," and identify any other prospective purchases or transactions involving the condominium that you were ready to engage in.

### INTERROGATORY NO. 6:

6.     Describe specifically and in detail any contract, agreement, arrangement, or understanding relating to the prospective purchase of your condominium for $699,000 or any other prospective purchases or transactions.

### INTERROGATORY NO. 7:

4

7.     Describe the basis for your contention in paragraph 29 of your Complaint concerning the allegations therein that Faison's actions were "malicious, with evil motive, for no proper purpose, in reckless disregard of the Plaintiff's rights and akin to racketeering," and set forth all facts in your possession concerning these allegations.

## INTERROGATORY NO. 8:

8.     Please set forth all lost profits allegedly lost by you on any sales transactions that you were ready to engage in.  Identify all persons, companies, and documents relating to these alleged lost profits.

## INTERROGATORY NO. 9:

9.     Identify all persons injured by Faison's alleged slander of title or unfair trade practices, and set forth all facts in your possession concerning your basis for claiming that these persons were injured by Faison's slander of title or unlawful trade practices.

## INTERROGATORY NO. 10:

10.    Describe specifically and in detail any communications with Faison or any other persons or companies relating to the alleged prospective purchase.

## INTERROGATORY NO. 11:

11.    If your answer to Interrogatory No. 10 above describes an oral communication, identify (by name, address, and employer) all persons who participated in such communication, the date of each communication, and the content of each participant's statements during such communications.

## INTERROGATORY NO. 12:

12.    If your answer to Interrogatory No. 10 above describes an electronic communication (including, but not limited to, electronic mail), identify all participants (by name, address, and employer) to that communication, describe the substance of the communication, identify any written record of such communication, and describe in detail whether and where any evidence of such communication exists.

## INTERROGATORY NO. 13:

13.    Identify who Diane L. Keeley is, and describe her relationship to you.

## INTERROGATORY NO. 14:

14.    Identify who Glenn D. Simpson is, and describe his relationship to you.

## INTERROGATORY NO. 15:

15.    For each alleged wrongdoing by Faison described in your Complaint, with respect to alleged damages, identify (a) the monetary amount of all damages you claim to have suffered

5

as a result of that wrongdoing; (b) the method of calculation; (c) the formulae used in those calculations; (d) the count to which the item of damages relates; (e) the category into which each item of damages falls, *i.e.*, general damages, special or consequential damages, lost profits, interest and any other relevant categories; (f) the factual basis for each item of damages; and (g) all supporting documents used or prepared in those calculations.

### INTERROGATORY NO. 16:

16.    Identify the persons to whom you have disclosed or otherwise described the allegations contained in your Complaint, or to whom you have provided a copy of the Complaint.

### INTERROGATORY NO. 17:

17.    List all lawsuits that you have initiated as a plaintiff, including listing the court name, jurisdiction, case number, current status or final disposition of the case, and the date when the matter was finally disposed of or settled.

### INTERROGATORY NO. 18:

18.    Describe each instance where you believe that a potential purchaser, after considering your condominium, purchased a different property over yours, whether the reason was because of Faison's alleged slander of title or unlawful trade practices and, if so, your basis for claiming that the reason you lost the sale was because of Faison's alleged slander of title or unlawful trade practices.

### INTERROGATORY NO. 19:

19.    Identify the persons who have provided information contained in your answers to these interrogatories, including their names, addresses, and telephone numbers, and their relations to you.

### INTERROGATORY NO. 20:

20.    Identify all expert witnesses you expect to call at trial, and for each expert identified, state: (a) the subject matter on which the expert is expected to testify; and (b) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Respectfully submitted,


Eric L. Yaffe (DC Bar No. 439750)
Jimmy Chatsuthiphan (DC Bar No. 492603)
GRAY, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone:     (202) 295-2200
Facsimile:     (202) 295-2250

Of Counsel:
D. Blaine Sanders
ROBINSON BRADSHAW & HINSON
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-8344
Facsimile: (704) 373-3944

Attorneys for Defendant Faison-Kalorama, LLC

Dated: March 30, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a true and correct copy of the

foregoing **DEFENDANT FAISON-KALORAMA, LLC'S FIRST SET OF**

**INTERROGATORIES TO PLAINTIFF PAUL RICHARD NEWTON** was sent by facsimile

and first-class mail, postage prepaid, to the following:

Johnny R. Galloway
1516 P Street, N.W.
Washington, D.C. 20005
Telephone: (202) 726-5426
Facsimile: (202) 726-6629

Attorney for Plaintiff

Jimmy Chatsuthiphan

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 1:06CV02003 RWR**

**PAUL RICHARD NEWTON,**

**Plaintiff,**

v.

**FAISON-KALORAMA, LLC,**

**Defendant.**

_____

**FAISON-KALORAMA, LLC,**

**Third-Party Plaintiff,**
v.

**THE MAYHOOD COMPANY,**

**Third-Party Defendant.**

**CERTIFICATION OF ERIC L. YAFFE**

1.      My name is Eric L. Yaffe.  I am a citizen and resident of the State of Maryland and a principal in the law firm of Gray, Plant, Mooty, Mooty & Bennett, P.A., counsel for Defendant and Third-Party Plaintiff in this case.  I make this Certification in support of Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories from Plaintiff Paul Richard Newton.

2.      I have attempted in good faith to resolve the issues addressed in Defendant's Motion with lead counsel for Plaintiff, John R. Galloway.  I have exchanged emails with counsel regarding Plaintiff's failure to provide answers to Defendant's requests for production of documents and first set of interrogatories.  In addition, I have spoken to Mr. Galloway about these issues.  We were unable to resolve the dispute.

I certify under penalty of perjury that the foregoing is true and correct. Signed this 6th day of June, 2007.

/s/ Eric L. Yaffe

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 1:06CV02003 RWR**

| | |
|---|---|
| **PAUL RICHARD NEWTON,** | |
| Plaintiff, | **[PROPOSED] ORDER** |
| v. | |
| **FAISON-KALORAMA, LLC,** | |
| Defendant. | |
| **FAISON-KALORAMA, LLC,** | |
| Third-Party Plaintiff, | |
| v. | |
| **THE MAYHOOD COMPANY,** | |
| Third-Party Defendant. | |

Upon consideration of Defendant Faison-Kalorama, LLC's Motion To Compel The

Production Of Documents and Answers to Interrogatories from Plaintiff Paul Richard Newton,

and the entire record herein, it is hereby:

**ORDERED** that the motion is **GRANTED**.  It is also hereby **ORDERED** that within

seven (7) days from the date of this Order, Plaintiff Paul Richard Newton shall:

1.  Respond to Defendant's Request for Production of Documents and produce all

responsive documents; and

2.  Respond to Defendant's First Set of Interrogatories.

SIGNED AND ENTERED this ___ day of _____, 2007.

_____
United District Court Judge